Filed:  December 19, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 00-7681
(CA-00-196-3-V)

---

Ana Marie Kurfees,

Plaintiff - Appellant,

versus

U.S. Immigration & Naturalization Service,

Defendant - Appellee.

---

O R D E R

---

The court amends its opinion filed October 24, 2001, as follows:

On the cover sheet, section 1 -- The status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- The section is changed to read "Affirmed by published opinion.  Chief Judge Wilkinson wrote the opinion, in which Judge Widener and Judge Williams joined."

On page 2, section 2 -- the reference to use of unpublished opinions as precedent is deleted.

On page 2, first line of opinion -- "PER CURIAM" is changed to read "WILKINSON, Chief Judge."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

ANA MARIE KURFEES,
Plaintiff-Appellant,

v.

U. S. IMMIGRATION &
NATURALIZATION SERVICE,
Defendant-Appellee.

No. 00-7681

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CA-00-196-3-V)

Argued: September 28, 2001

Decided: October 24, 2001

Before WILKINSON, Chief Judge, and WIDENER and
WILLIAMS, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson
wrote the opinion, in which Judge Widener and Judge
Williams joined.

_____

COUNSEL

**ARGUED:** Michele Mary Rocawich, SUSMAN & ASSOCIATES,
Chicago, Illinois, for Appellant. Robbin Kinmonth Blaya, Office of
Immigration Litigation, Civil Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:**
Barbara Ann Susman, Carol Lynn Pelton, Jonathan Peter Gundlach,
SUSMAN & ASSOCIATES, Chicago, Illinois, for Appellant. Stuart

E. Schiffer, Acting Assistant Attorney General, Linda S. Wendtland, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

## OPINION

WILKINSON, Chief Judge:

Plaintiff Ana Marie Kurfees filed a habeas corpus petition in federal district court challenging her deportation. The court dismissed her petition for lack of jurisdiction. Because Kurfees failed to exhaust her administrative remedies before proceeding to the district court, we affirm.

I.

Plaintiff Ana Maria Kurfees is a native and citizen of Peru who entered the United States illegally in 1985 and currently resides in Charlotte, North Carolina. In June 1988, Kurfees married a United States citizen. The following summer, Kurfees went to Peru to obtain her visa as required by the existing regulations. When interviewed in Peru in October 1989, Kurfees stated that her purpose in applying for a visa was to reunite with her husband. Kurfees returned to the United States in February 1990 and was granted the status of conditional resident for up to two years.

Shortly after her return, Kurfees discovered her husband had fallen into debt and taken up with other women. Kurfees decided to move in with her husband's grandparents and file for divorce. Two years later, Kurfees requested permanent resident status. However, on October 5, 1992, Kurfees' request for permanent resident status was denied and her conditional status was terminated. The INS also issued

2

an Order to Show Cause ("OSC"), requiring Kurfees to appear at a hearing and demonstrate why she should not be deported based on the change in her residency status.

In October 1992, Kurfees moved from Salisbury, North Carolina to Charlotte, North Carolina. Kurfees claimed she stayed with friends for her first few months in Charlotte and did not have a forwarding address to give to the INS. Kurfees' former roommate in Salisbury was supposed to inform Kurfees if any mail came for her. The INS mailed the OSC to the Salisbury address where it was signed for by a person Kurfees claims not to know. Kurfees argues that she did not receive the OSC at that time and did not know about the hearing.

On March 5, 1993, the Immigration Court ordered Kurfees deported <u>in absentia</u>. Kurfees had until March 23, 1993 to appeal that order to the Board of Immigration Appeals ("BIA"). Kurfees finally received the OSC notice, but the time in which to file an appeal had expired.

Kurfees sought counsel and filed a Motion to Reopen on September 26, 1996, claiming no notice of the deportation hearing. On January 21, 1997, that motion was denied because the Immigration Judge ("IJ") noted that it was Kurfees' duty to notify the court of her change of address. On February 19, 1997, Kurfees contends she filed an appeal with the BIA which she claims was dismissed. However, Kurfees was unable to produce a copy of the dismissal of the appeal and the Government states that there is no record of the filing or rejection of the appeal by the BIA.

On May 28, 1997, Kurfees was married again to a United States citizen. On June 3, 1997, Kurfees' husband filed a Petition for Alien Relative on his wife's behalf. The INS placed Kurfees under supervision on June 16, 1999.

In February 2000, Kurfees asked the INS to join in a Motion to Reopen her case. The INS denied her request, but did acknowledge that Kurfees' second marriage was bona fide. On April 14, 2000, Kurfees filed a Request to Stay Deportation Proceedings and Motion to Reopen, asking the INS to stay her deportation, grant a hearing, and vacate the IJ's deportation order. The INS declined.

3

On May 1, 2000, Kurfees filed a petition for writ of habeas corpus in the United States District Court for the Western District of North Carolina. Kurfees argued that the IJ failed to establish that she was deportable "by clear, unequivocal and convincing evidence," as required by 8 U.S.C. § 1252b(c)(1). The INS responded that the district court lacked subject matter jurisdiction over the appeal.

The district court determined that it lacked jurisdiction to review Kurfees' habeas petition because Kurfees had failed to exhaust her administrative remedies. Kurfees appeals.

II.

A.

Judicial review of immigration proceedings is generally governed by the Immigration and Naturalization Act ("INA"). In 1996, two amendments to the INA were passed that significantly restricted judicial review of immigration decisions. To determine whether the district court had jurisdiction over Kurfees' habeas corpus petition, we are first required to determine which statute or amendment governs judicial review of this case.

Prior to the 1996 amendments to the INA, judicial review of most administrative actions was governed by INA § 106 (8 U.S.C. § 1105a (repealed 1996)), which directed that the exclusive procedure for judicial review of final orders of deportation was through the court of appeals. See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 476 (1999). Aliens facing exclusion and those held in custody pursuant to an order of deportation were allowed to obtain judicial review through habeas corpus proceedings. See 8 U.S.C. § 1105a(a)(10) (repealed 1996). Aliens could also challenge INS detention or deportation proceedings through a petition for habeas corpus pursuant to 28 U.S.C. § 2241.

The judicial review framework changed somewhat when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was passed by Congress. See Mayers v. INS, 175 F.3d 1289, 1292 (11th Cir. 1999). AEDPA limited the ability of certain aliens con-

4

victed of crimes to bring habeas corpus petitions. Id. Then, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") on September 30, 1996. This statute put in place an entirely new review process. See 8 U.S.C.A. § 1252 (West 2001). The effective date of IIRIRA was April 1, 1997. IIRIRA established some transitional rules that applied to all cases that commenced prior to the effective date of IIRIRA and in which a final order of deportation was entered at least 30 days after IIRIRA was passed. See Mayers, 175 F.3d at 1293 n.4. Essentially, under the transitional rules, judicial review takes place without regard to IIRIRA amendments except in the case of some criminally-deportable aliens. Id. at 1293.

Because Kurfees was ordered deported in absentia on March 5, 1993, her case was pending prior to the effective date of IIRIRA. Therefore, she is not governed by the judicial review provisions of IIRIRA. Rather, her case is governed by the pre-IIRIRA rules.**1**

B.

We now turn to the pre-IIRIRA rules to determine if they limit the availability of judicial review in this case. Section 106(c) of the INA states that "[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . . ." 8 U.S.C. § 1105a(c) (repealed 1996). Thus, the statute imposes an exhaustion requirement on Kurfees.

By not appealing her 1993 deportation order and the 1997 denial

_____

**1** The district court determined that Kurfees was subject to the transitional rules enacted under IIRIRA because her proceeding commenced prior to the effective date of IIRIRA, and a final order of deportation (the denial of the motion to reopen by the IJ) was entered more than thirty days after the enactment of IIRIRA. However, the INS argues that a final order of deportation may only be entered by the BIA. We see no need to decide whether the IJ's denial of the motion to reopen is a final order of deportation because the result is the same in this case. Even under the transitional rules, review is governed by the pre-IIRIRA rules. The only difference between the pre-IIRIRA rules and the transitional rules concerns review for criminally-deportable aliens, which Kurfees is not.

5

of the Motion to Reopen first to the BIA and subsequently to this court, Kurfees failed to exhaust the administrative remedies available to her. She cannot now attempt to bypass the administrative process by bringing a habeas corpus action in the district court. It is well settled that parties must exhaust their administrative remedies before filing suit in federal court. See McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). Moreover, where Congress has explicitly mandated exhaustion, as it has in INA § 106(c), the Supreme Court has held that the requirement must be enforced. Id. at 144. And we have held that district courts lack jurisdiction over the claims of aliens who failed to exhaust their administrative remedies as required by § 1105a(c). See Gallanosa v. United States, 785 F.2d 116, 119 (4th Cir. 1986).[2]

While upholding the exhaustion requirement may seem strict in an individual case, exhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency. The BIA was not given the opportunity to review the case because Kurfees neglected to appeal. The exhaustion doctrine embodies a policy of respect for administrative agencies, which allows them to carry out their responsibilities and "to discover and correct [their] own errors." McKart v. United States, 395 U.S. 185, 195 (1969). A rule that allowed parties to circumvent the administrative process under the circumstances of this case would undermine agency functions and clog the courts with unnecessary petitions. The rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies. Kurfees failed to exhaust. Therefore, the district court correctly determined that it lacked jurisdiction to review her petition.

C.

Kurfees argues that judicial review of her claims remains available

_____

[2] Because we have determined that the district court lacked jurisdiction as a result of Kurfees' failure to exhaust, we need not determine whether the district court correctly interpreted our decision in Bowrin v. INS, 194 F.3d 483 (4th Cir. 1999). The district court viewed this case as establishing that AEDPA's repeal of the habeas provision at INA §106(a)(10) did not preclude judicial review of habeas petitions brought pursuant to 28 U.S.C. § 2241.

6

despite the exhaustion requirement for two reasons. First, Kurfees claims she did not fail to exhaust, but instead procedurally defaulted. She asserts that habeas corpus review is available to aliens who have procedurally defaulted. However, Kurfees fails to offer any support for this assertion. Kurfees' reliance on <u>Flores-Miramontes v. INS</u>, 212 F.3d 1133 (9th Cir. 2000), is misplaced because that case dealt with a procedural default by a criminally-deportable alien who faced categorical bars to judicial review not applicable to Kurfees. If we were to allow Kurfees to bring her petition by terming it "procedural default," we would be sanctioning the intentional circumvention of the administrative process. This would in turn weaken the effectiveness of the INS by encouraging petitioners to ignore its procedures. <u>See, e.g.</u>, <u>McCarthy</u>, 503 U.S. at 146.

Second, Kurfees asserts that her failure to exhaust did not preclude the district court from reviewing her petition because she is raising a "substantial constitutional question." <u>See Gallanosa</u>, 785 F.2d at 120. We have recognized an exception to the exhaustion requirement for certain constitutional claims. <u>See id.</u>; <u>Farrokhi v. INS</u>, 900 F.2d 697, 700-01 (4th Cir. 1990). However, we agree with the district court that Kurfees' constitutional challenges to her deportation order are procedural challenges that could have been addressed by the BIA. This exception to the exhaustion requirement has never been extended to these types of procedural claims. <u>See Gallanosa</u>, 785 F.2d at 120-21; <u>Farrokhi</u>, 900 F.2d at 701.

III.

Kurfees had the opportunity to appeal the denial of her motion to reopen to the BIA, but failed to do so. We cannot now allow Kurfees to bypass the administrative process she rejected by bringing her claims to the federal courts. The exhaustion doctrine is guided by the idea "that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." <u>McCarthy</u>, 503 U.S. at 145. Congress has specifically required aliens to exhaust their administrative remedies before going into federal court. <u>See</u> 8 U.S.C. § 1105a(c). We are bound to follow that decision.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.

7