Antonio MEDINA, Petitioner—Appellant,

v.

Adele FASANO; Janet Reno, Attorney General, Respondents—Appellees.

No. 01–55564.
D.C. No. CV–99–01797–H.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided March 6, 2002.

Before REINHARDT and RICHARD C. TALLMAN, Circuit Judges and DAMRELL,* District Judge.

MEMORANDUM **

Antonio Medina appeals the district court's denial of his petition for a writ of habeas corpus. Because, as a matter of law, Medina withdrew his BIA appeal by "self-deporting" during the pendency of the appeal, we hold that Medina has failed to exhaust his administrative remedies and is not now entitled to seek federal habeas

---

* The Honorable Frank C. Damrell, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

relief. We affirm the district court's dismissal of his habeas petition.

Federal regulations provide that an alien who departs from the United States during the pendency of his BIA appeal withdraws the appeal. Specifically, 8 C.F.R. § 3.4 provides that:

> Departure from the United States of a person who is the subject of deportation or removal proceedings subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

It is undisputed that Medina left the United States to go to Mexico during the pendency of his BIA appeal. Thus, under the regulations, the BIA acted within the law in dismissing his appeal.

Because Medina's self-deportation effectively withdrew his BIA appeal, we are compelled to reject his habeas petition on the basis of his failure to exhaust administrative remedies. Under 8 U.S.C. § 1252(d), "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right ...." Medina is required to appeal the immigration judge's deportation order to the BIA before resorting to the federal courts because to allow otherwise would improperly "bypass the administrative process." *Kurfees v. INS*, 275 F.3d 332, 2001 WL 1382022, at *3 (4th Cir.2001); *see also Xiao v. Barr*, 979 F.2d 151, 153 (9th Cir. 1992) (holding that the court of appeals has no jurisdiction to review an order of deportation or exclusion from which the appellant failed to appeal to the BIA). Because, under the applicable regulations, Medina effectively withdrew his BIA appeal, he has not exhausted his federal rem-

edies and his habeas petition must be denied.

AFFIRMED.