**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 04-1564

JACQUELINE DASH,

Petitioner, Appellant,

v.

STEVEN H. FARQUHARSON, DISTRICT DIRECTOR,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith,  U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Selya, Circuit Judges.

---

Jacqueline Dash on brief pro se.
Robert Clarke Corrente, United States Attorney, Lisa
Dinerman  and Dulce Donovan, Assistant United States Attorneys,
on  Opposition to Motion for Stay of Removal.

---

September 21, 2004

---

**Per Curiam**. Petitioner Jacqueline Dash, a lawful permanent resident, has filed a motion for stay of deportation pending appeal of the dismissal of her habeas petition, filed under 28 U.S.C. § 2241. The district court dismissed the petition on the ground, among others, that it was an abuse of the writ. We conclude that, even assuming petitioner had not abused the writ, she still would lose on the merits of her claims.

Petitioner's first contention concerns her eligibility for a waiver of deportation under § 212(h) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(h), on the basis of extreme hardship. Petitioner is ineligible for such relief, however, because she has been convicted of an aggravated felony. Pursuant to the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), see § 348(a), such a conviction bars an alien from applying for a section 212(h) waiver.

Further, and contrary to petitioner's arguments, the IIRIRA amendment to section 212(h) applies retroactively. IIRIRA § 348(b) specifically states that "[t]he amendment made by subsection (a) shall be effective on the date of the enactment of this Act and shall apply in the case of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date." This is the kind of language that shows "Congress' willingness . . . to indicate unambiguously its intention to apply

specific provisions retroactively."  INS v. St. Cyr, 533 U.S. 289, 318-19 & n.43 (2001) (citing § 348(b), in dictum, as an example of such language).  "Where the congressional intent is clear, it governs."  Kaiser Alum. & Chem. Corp. v. Bonjorno, 494 U.S. 827, 837 (1990).

Petitioner's second argument -- that the immigration judge (IJ) incorrectly concluded that petitioner was not entitled to apply for a waiver under INA § 212(c), 8 U.S.C. § 1182(c) -- also fails.  Specifically, the IJ concluded that petitioner was ineligible for a section 212(c) waiver because she (petitioner) had served five or more years for an aggravated felony.  Although petitioner claims that the IJ erred both in his calculation of the five-year period and in considering the wrong aggravated felonies, she has waived these issues by defaulting her appeal to the Board of Immigration Appeals from the IJ's order.  The failure to exhaust administrative remedies precludes consideration of these issues in the current habeas petition.  See Kurfees v. INS, 275 F.3d 332, 335-36 (4th Cir. 2001) (holding that an alien cannot bypass the exhaustion requirement by filing a habeas petition); see also Sayyah v. Farquharson, No. 03-1802, slip op. at 6-12 (1st Cir. Aug. 30, 2004).

Petitioner's final argument is that her continuing detention pending removal is unauthorized by statute and is unconstitutional.  We do not think so and therefore agree with the

government that petitioner's detention, at least up until the present time, is authorized by 8 U.S.C. § 1231(a)(1)(C).  This case, therefore, is distinguishable from the circumstances described in <u>Zadvydas</u> v. <u>Davis</u>, 533 U.S. 678 (2001).  <u>See</u> <u>Lema</u> v. <u>INS</u>, 341 F.3d 853 (9th Cir. 2003).

The judgment of the district court is summarily <u>affirmed</u>, <u>see</u> 1st Cir. R. 27(c), and the motion for a stay is <u>denied</u> as moot.