UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1974

YENNY NATALIA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-240-848)

Submitted: February 11, 2005          Decided: March 3, 2005

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Anthony M. Briggs, Jr., Springfield, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, James J. O'Connell, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yenny Natalia, a native and citizen of Indonesia, petitions this court to review a denial by the Board of Immigration Appeals (Board) of her application for asylum and withholding of removal. This court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d) (2000). In this case, Natalia's briefs were twice rejected by the Board on procedural grounds, and she failed to move for consideration of an untimely brief. The Board therefore affirmed the immigration judge's decision without opinion, with no claims presented by Natalia for its consideration.

Where Congress has statutorily mandated exhaustion, that requirement must be enforced. Kurfees v. INS, 275 F.3d 332, 336 (4th Cir. 2001) (applying former 8 U.S.C. § 1105a(c)); see Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir.) (applying 8 U.S.C. § 1252(d)), cert. denied, 125 S. Ct. 37 (2004); Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004) (same). An alien is required to exhaust administrative remedies as to each claim in order to preserve judicial review. Abdulrahman v. Ashcroft, 330 F.3d 587, 594 (3d Cir. 2003). We have held that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board] decision," Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir.

- 2 -

1990) (interpreting former 8 U.S.C. § 1105a(c)), and that the court lacks jurisdiction to consider an argument not made to the Board. <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 861 (2005).

Therefore, as Natalia raised no claims before the Board, we lack jurisdiction to consider any of the claims she seeks to raise here. We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>