

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2005

# Asemani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Asemani v. Atty Gen USA" (2005). *2005 Decisions.* Paper 795.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/795

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-4059 and 04-1068

———————

GHAFOUR ASEMANI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES*,
SECRETARY FOR THE DEPARTMENT
OF HOMELAND SECURITY*,

Respondents

*Caption amended pursuant to Rule 43(c), Fed. R. App. P.

———————

On Petition for Review from an Order of the
Board of Immigration Appeals
(D.C. No. 0090-1: A29 973 952)

———————

No. 03-4434

———————

GHAFOUR ASEMANI,

Appellant

v.

SECRETARY OF THE DEPARTMENT OF
OF HOMELAND SECURITY*,
ASA HUTCHINSON, AS UNDERSECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY, DIRECTORATE
OF BORDER AND TRANSPORTATION SECURITY;
MICHAEL GARCIA, AS ASSISTANT SECRETARY FOR
THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
THEODORE NORDMARK, AS ACTING PHILADELPHIA DISTRICT
DIRECTOR OF THE BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT

*Caption amended pursuant to Rule 43(c), Fed. R. App. P.

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-04612)
District Judge: Hon. Ronald L. Buckwalter

———————

No. 04-1268

———————

*GHAFOUR ASEMANI, A29 973 952
a/k/a Billy G. Asemani,

Petitioner

v.

MICHAEL CHERTOFF, as Secretary Department
of Homeland Security**,

Respondents

*(Amended-Pursuant to Clerk's Order of 3/2/04)

**Caption amended pursuant to Rule 43(c), Fed. R. App. P.

2

On Petition for Review from an Order of the
Board of Immigration Appeals
(D.C. No. 0090-1: A29 973 952)

No. 04-1767

GHAFOUR ASEMANI,

Petitioner

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
(D.C. No. 0090-1: A29 973 952)

Argued April 4, 2005

BEFORE: BARRY, AMBRO and  COWEN, <u>Circuit Judges</u>

(Filed:  July 22, 2005)

Ricky Malik, Esq. (Argued)
1110-D Elden Street, Suite 106
Herndon, VA 20170

Counsel for Petitioner/Appellant

Ghafour Asemani
P.O. Box 1415
Ellicott City, MD 21041

Petitioner/Appellant Pro Se

Douglas E. Ginsburg, Esq
Lyle D. Jentzer, Esq. (Argued)
Christopher C. Fuller, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Counsel for Respondents

Paul G. Shapiro, Esq.
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Counsel for Appellees

Stephanie R. Reiss, Esq. (Argued)
Jones Day
500 Grant Street, 31st Floor
Pittsburgh, PA 15219

Counsel for Amicus Curiae

---

OPINION

---

COWEN, Circuit Judge.

Ghafour "Billy" Asemani, an Iranian native and citizen, appeals the order of the

District Court for the Eastern District of Pennsylvania dismissing his petition for a writ of

habeas corpus for failure to exhaust administrative remedies. Essentially, he asserts that he is a United States national and accordingly is not subject to the immigration laws, including removal proceedings. Also before us is Asemani's habeas petition which the District Court for the Middle District of Pennsylvania transferred to this Court on the basis that it lacked subject matter jurisdiction. Asemani asserts that the petition should not have been transferred because the District Court has jurisdiction to determine citizenship in the first instance. In addition to habeas proceedings, Asemani also initiated petitions for review of three orders executed by the Board of Immigration Appeals ("BIA"). These orders vacated Asemani's release and overturned the bond redetermination, granted a stay of execution of the bond redetermination, and vacated the Immigration Judge's termination of proceedings and remanded the case for removal proceedings after finding that Asemani was not a United States national.

We have jurisdiction pursuant to 28 U.S.C. § 1291 to consider the order of the District Court for the Eastern District of Pennsylvania dismissing Asemani's petition for a writ of habeas corpus and will affirm. However, we do not have jurisdiction to consider the habeas petition transferred from the District Court for the Middle District of Pennsylvania because Asemani failed to exhaust his administrative remedies and is not appealing a final order of removal. Similarly, we do not have jurisdiction to consider the petitions for review of the BIA's interlocutory orders.

5

## II.    FACTUAL AND PROCEDURAL HISTORY

Asemani entered the United States on a student visa and received an adjustment of status to lawful permanent resident after marrying a lawful permanent resident.   Asemani filed applications for citizenship in August 1997 and 1999, given that his wife had become a United States citizen; however, he never completed the naturalization process.

In October 1999, Asemani was indicted on twelve counts of criminal health care fraud for practicing dentistry without a license.  Later that month he went back to Iran for over a year, returning to the United States in October 2000.  Six months later, he pled guilty to eleven counts in the indictment and on May 8, 2001 was sentenced to thirty months confinement.

While in federal custody, the Immigration and Naturalization Service ("INS") (now, the Bureau of Immigration and Customs Enforcement ("BICE")), began removal proceedings, charging Asemani as a deportable alien under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") for commission of crimes involving moral turpitude within ten years of his acquiring the status of lawful permanent resident.  8 U.S.C. §1227(a)(2)(A)(i)(I).

While these proceedings were pending, in September 2001, Asemani filed a complaint in the United States District Court for the District of Columbia under the Foreign Sovereign Immunities Act ("FSIA") against the Islamic Republic of Iran, for his alleged torture and false detention based on his religious affiliation.  BICE was not named in the complaint and did not otherwise participate in these proceedings.  The District Court determined that Asemani was a "national" of the United States for purposes of 28 U.S.C. §1605(a)(7)(B)(ii) and therefore had standing to maintain the action.  *See Asemani v. Islamic Republic of Iran*, 266 F. Supp. 2d 24,

6

26-27 (D.D.C. 2003). The Court, however, denied without prejudice Asemani's motion for judicial declaration of nationality pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. *See id.* Such a declaration is only authorized where a claim is brought against the government for denying a claimant his rights and privileges as a United States national. *See id.* at 27. Further, a court may not make a declaration of nationality pursuant to § 1503 if nationality "is in issue in any [ ] removal proceeding." 8 U.S.C. § 1503(a).

Relying on the District Court decision, Asemani moved to terminate his removal proceedings, contending that BICE was estopped from demonstrating that he was not a United States national and removing him. On September 5, 2003, the Immigration Judge granted the motion and terminated the removal proceedings. On March 9, 2004, the BIA reversed and vacated the order, holding that BICE was not estopped from contesting the nationality claim and finding that Asemani was not a United States national.

On August 8, 2003, Asemani filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Eastern District of Pennsylvania asserting that he was entitled to be released from BICE custody because of his status as a United States national. (Case No. 03-4434). On October 29, 2003, the petition was dismissed for lack of subject matter jurisdiction due to Asemani's failure to exhaust administrative remedies. *See Asemani v. Ridge*, No. 03-4612, slip. op. (E.D. Pa. Oct. 29, 2003). An appeal to this Court ensued and the government moved for summary affirmance.

On January 21, 2004, Asemani filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, this time in the United States District Court for the Middle

7

District of Pennsylvania. (Case No. 04-1268). In this petition, he again asserted that he is a United States national not subject to BICE detention and removal. The District Court held that we should determine the issue of nationality in the first instance, pursuant to 8 U.S.C. §1252(b)(5), and therefore transferred the petition for our consideration. *See Asemani v. Ridge*, Civ. No. 3:CV-04-0135, slip. op. (M.D. Pa. Jan. 30, 2004).

In addition to the habeas petitions, Asemani also filed in this Court petitions for review of three BIA orders: (1) vacating his release and overturning the bond redetermination (Case No. 04-1068); (2) granting a stay of execution of the bond redetermination (Case No. 03-4059); and (3) vacating the Immigration Judge's termination of proceedings finding that Asemani was not a United States national and remanding the case for removal proceedings (Case No. 04-1767).

On April 26, 2004, we consolidated these five cases. The Immigration Judge ("IJ") issued a final order of removal to Iran on June 1, 2004. Asemani waived his appeal to the BIA, making the IJ's order the final order of removal. A petition for review of this order has not been filed with this Court.

A District Court's determination that it lacks subject matter jurisdiction is a determination of law over which we exercise plenary review. *See Duvall v. Elwood*, 336 F.3d 228, 229 (3d Cir. 2003); *see also Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## I.     Habeas Petition Dismissed for Failure to Exhaust

The District Court for the Eastern District of Pennsylvania dismissed Asemani's habeas

petition, filed on August 8, 2003 (Case No. 03-4434), without prejudice for lack of jurisdiction because Asemani failed to exhaust his administrative remedies.[1] Citing *Duvall*, the Court concluded a petitioner must exhaust administrative remedies before it could consider a habeas petition. *See Asemani v. Ridge*, No. 03-4612, slip. op. (E.D. Pa. Oct. 29, 2003). The Court rejected Asemani's argument that as a national he is not subject to the exhaustion requirements applicable to aliens because "[t]hat would defeat the rationale for exhaustion." (*Id.*).

In *Duvall* this Court concluded that 8 U.S.C. § 1252(d)(1) requires exhaustion as a statutory prerequisite for federal jurisdiction. *Duvall*, 336 F.3d at 232-233. We reject amicus

---

[1] The recent enactment of the Real ID Act of 2005 does not affect our analysis of whether the District Court erred in dismissing Asemani's habeas petition because he failed to exhaust his administrative remedies. Pub L. No. 109-113, 119 Stat. 231 (May 11, 2005). Section 106(a)(1) strips district courts of jurisdiction to review final orders of removal by providing in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 . . . or any other habeas corpus provision . . . a petition for review filed with the appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act . . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 . . . .

*Id.* at § 106(a)(1) (emphasis added) (amending 8 U.S.C. § 1252(a)(5)). However, this provision is inapplicable here because Asemani's petition was dismissed by the District Court in August, 2003, almost two years before the enactment of the Act. Further, Asemani was not seeking judicial review of an order of removal, as such an order was not entered until eight months after he filed his petition. Accordingly, we will consider whether the petition was properly dismissed by the District Court for failure to exhaust.

9

curiae's argument that "in accordance with *St. Cyr*, the jurisdictional requirements applicable to immigration habeas petitions asserting a colorable claim to United States citizenship or national status are merely prudential and the jurisdictional requirements of § 1252(d)(1) do not apply." (Amicus Br. at 14.)   Although the *Duvall* court stated that it need not discuss *St. Cyr* in detail because it was not raised or relied on, the court adequately distinguished *St. Cyr.* before holding that:

> [T]he requisites of § 1252(d)(1) do indeed apply to petitions for habeas corpus, notwithstanding the fact that the statute does not specifically reference habeas corpus.  To read the statute otherwise would defeat the statute's purpose in seeking to streamline the administrative process and in preventing delay by premature and unnecessary recourse to a federal court.

*Id*. at 231 n.5 (citing *Massieu v. Reno,* 91 F.3d 416, 421-22 (3d Cir. 1996)).  Even if this determination is dicta as amicus avers, it is highly persuasive in that it clearly reflects the reasoning of this Court and is in accord with the holdings of our sister circuits.  *See Sundar v. INS*, 328 F.3d 1320 (11th Cir. 2003) (explaining that the decision in *St. Cyr* did not preclude it from holding that the exhaustion requirements of 8 U.S.C. § 1252(d)(1) apply to habeas petitions as well as direct appeals because the requirement is not tantamount to complete preclusion of jurisdiction and therefore does not raise any serious constitutional issues.); *see also Sayyah v. Farquharson*, 382 F.3d 20, 26 (1st Cir. 2004) ("[W]e hold that section 1252(d)'s exhaustion requirement applies broadly to all forms of court review of final orders of removal, including habeas corpus."); *Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2002) ("[W]e hold that, by its plain language, §1252(d)'s [exhaustion] mandate . . . applies to all forms of review including habeas corpus.").  We also reject Asemani's attempt to distinguish *Duvall* on

the basis that the petitioner in that case admitted her alienage because such a fact was not relied on by the Court in its holding.[2]

Because the exhaustion requirement in habeas proceedings is statutory, as in direct appeals, there is no futility exception. *See Nyhuis v. Reno*, 204 F.3d 65, 69 (3d Cir. 2000) (a statute with a jurisdictional requirement by definition cannot be subject to a futility exception). "Although judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts." *Massieu*, 91 F.3d at 419. Under prudential exhaustion principles, we have discretion to hear unexhausted claims if an administrative appeal would be futile or if the claims were exhausted subsequent to filing of the petition. However, under jurisdictional exhaustion principles we lack discretion to hear any claims that were not exhausted prior to filing the appeal.

Here, Asemani filed his habeas petition while removal proceedings were still pending. Accordingly, the District Court lacked jurisdiction to consider Asemani's petition which was filed before he exhausted his administrative remedies despite the fact that the administrative proceedings may have been futile and that he may have exhausted his claims after filing his petition.

_____

[2] While the Real ID Act does not apply here, *see supra* note 2, we do recognize that our discussion of *Duvall v. Elwood*, 336 F.3d 228 (3d Cir. 2003) and *INS v. St. Cyr*, 533 U.S. 289 (2001) is only relevant because of the unique circumstances and timing of this appeal. Indeed, the question of whether exhaustion is required before an alien's habeas petition is filed has been mooted by passage of the Act; exhaustion or not, an alien cannot even bring such a petition under today's law. *See* 8 U.S.C. § 1252.

We reject Asemani's argument that he is not subject to the exhaustion requirement because he asserts a colorable claim that he is a national, and the IIRIRA is only applicable to aliens. As we have held in *Massieu*:

> [E]ven where an alien is attempting to prevent an exclusion or deportation proceeding from taking place in the first instance and is thus not, strictly speaking, attacking a final order of deportation or exclusion, it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies, one of which is the deportation or exclusion hearing itself.

91 F.3d at 421 (internal quotation marks and citations omitted).

Like all other immigration issues raised in habeas petitions, Asemani's claim of citizenship should not be considered by the federal courts until the administrative process is complete. As the Fourth Circuit has explained:

> While upholding the exhaustion requirement may seem strict in an individual case, exhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency. The BIA was not given the opportunity to review the case because [petitioner] neglected to appeal. The exhaustion doctrine embodies a policy of respect for administrative agencies, which allows them to carry out their responsibilities and to discover and correct their own errors. A rule that allowed parties to circumvent the administrative process under the circumstances of this case would undermine agency functions and clog the courts with unnecessary petitions. The rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies.

*Kurfees v. INS*, 275 F.3d 332, 336 (4th Cir. 2001) (internal quotation marks and citation omitted).

We affirm the District Court's order dismissing Asemani's habeas petition for lack of jurisdiction because he failed to exhaust his administrative remedies prior to filing the petition.

12

## II.     Habeas Petition Transferred for Lack of Subject Matter Jurisdiction

Asemani filed a petition for a writ of habeas corpus with the District Court for the Middle District of Pennsylvania (Case No. 04-1268) alleging that he is being unlawfully detained because as a United States national he is not subject to BICE detention and removal. Finding that it lacked jurisdiction to consider nationality claims in the first instance, the District Court transferred the petition to this Court pursuant to 28 U.S.C. § 1631.[3]

A court may transfer, rather than dismiss, an action pursuant to Section 1631 if certain circumstances exist:

> Whenever a civil action is filed in a court . . . or an appeal, including a petition for review of administrative action . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed.

---

[3]  The recent enactment of the Real ID Act of 2005 does not affect our analysis of whether Asemani's habeas petition was properly transferred to this Court.  Pub L. No. 109-113, 119 Stat. 231 (May 11, 2005).   Section 106(c) provides in pertinent part:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, *is pending in a district court on the date of the enactment of this division*, then the district court shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section.

*Id.* at § 106(c) (emphasis added).  Because Asemani's petition was transferred to this Court in January 2004, over a year before the enactment of this statute, the transfer provision is inapplicable.  Accordingly, we will consider whether the petition was properly transferred under 28 U.S.C. § 1631.

28 U.S.C. § 1631.

The first part of the transfer statute—the District Court lacks jurisdiction—was clearly met. We agree with the District Court that it lacked jurisdiction over the petition; however, we rely on different grounds. The District Court held that 8 U.S.C. § 1252(b)(5) strips district courts of jurisdiction to consider nationality claims in the first instance because it vests the courts of appeals with exclusive jurisdiction over that issue. We refrain from considering the jurisdiction-stripping effect of that statute, and instead find that the District Court lacked jurisdiction over Asemani's petition for failure to exhaust administrative remedies.

As discussed, a district court lacks jurisdiction over a habeas petition where the petitioner failed to exhaust his administrative remedies prior to filing the petition. Because the exhaustion requirement is statutory it is not subject to any prudential or equitable exceptions. Here, Asemani filed his petition while his administrative proceedings were still pending and therefore failed to exhaust his claims. Accordingly, the District Court lacked jurisdiction to consider the petition.

Further, the second part of the transfer statute was met—it was in the interests of justice to transfer the petition. The interests of justice favor transferring a case to assist litigants who are confused as to the proper forum for review: "Due to the uncertain nature of jurisdiction in this area, the filing of the habeas petition is understandable and transfer to the proper forum is particularly appropriate." *See Baeta v. Sonchik*, 273 F.3d 1261, 1265 (9th Cir. 2001).

However, under the third part of the test, transfer would only be appropriate if we had jurisdiction to review the claims at the time the petition was initially filed with the District

14

Court.  *See Taniguchi v. Schultz*, 303 F.3d 950, 956 (9th Cir. 2002) (finding that transfer of habeas petition is not appropriate because petitioner failed to exhaust administrative remedies and the petition for review would have been untimely as of the date the habeas petition was filed).  Under the IIRIRA, we may only review a *final order of removal* if "the alien has *exhausted all administrative remedies* available to the alien as of right." 8 U.S.C. § 1252(d)(1) (emphasis added).  Thus, we must consider two jurisdictional hurdles—exhaustion of administrative remedies and the necessity for a final order of removal.  *See, e.g., Duvall*, 336 F.3d at 231; *Massieu*, 91 F.3d at 420.

Asemani argues that the exhaustion requirement should not apply because as a national he is not subject to the requirements of the IIRIRA, which by its terms only applies to aliens.  This argument is meritless.  As amicus curiae concedes, exhaustion is required even if petitioner claims to be a national: "[I]t is illogical to argue that jurisdiction for direct appeal may be had through the INA, but that the INA's exhaustion requirements do not apply." (Amicus Br. at 20.)

As with all direct appeals under Section 1252, there is a requirement that the petitioner exhaust all administrative remedies before appealing a determination of alienage.  *See Duvall*, 336 F.3d at 231.  Further, the exhaustion requirement is statutory and thus jurisdictional, thereby barring a direct review absent exhaustion of administrative remedies, regardless of any equitable considerations.  *See Duvall v. Elwood*, 336 F.3d 228, 231 (3d Cir. 2003);  *see also Nyhuis v. Reno*, 204 F.3d 65, 69 (3d Cir. 2000).  Here, Asemani filed his petition with the District Court while his removal proceedings were still pending and therefore failed to exhaust

15

his administrative remedies. Accordingly, like the District Court, we lack jurisdiction to consider this petition.

While exhaustion is an independent basis for stripping this Court of jurisdiction over Asemani's petition, we note than an additional bar to our jurisdiction is the fact that a final order of deportation was not issued at the time the petition was filed. We only have jurisdiction to consider final orders of removal, not interlocutory orders issued by the IJ. Asemani did not obtain a final order of removal until June 1, 2004 when he waived his hearing before the IJ and waived his appeal to the BIA. *See* 8 C.F.R. §§ 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken, whichever occurs first.") and 1240.14 ("The order of the immigration judge shall become final in accordance with §1003.39 of this chapter.").

Despite the five consolidated actions Asemani currently has pending before this Court, Asemani never filed a direct appeal of his final order with this Court and never filed a habeas petition with the District Court after the final order was issued.[4] (Respondent Br. at 12.) ("Asemani has not only failed to exhaust his administrative remedies, he has failed to file a petition for review of the only order over which this Court could have had jurisdiction.")

We do not have jurisdiction over the habeas petition filed in the District Court and transferred to this Court in January 2004. Accordingly, the provisions of the transfer statute

---

[4] Asemani filed a "Motion to Incorporate a June 1, 2004 Final Order of Removal Against the Petitioner Into the Record." That motion, however, does not alter the procedural posture of this case. Asemani cannot cure the jurisdictional bar created by not appealing a final order of removal by asking this Court to incorporate the removal order into his previous inadequate filings. We deny this motion as moot.

were not met and the District Court should have dismissed, rather than transferred, the petition. Therefore, we will transfer the petition back to the District Court with instructions to dismiss for lack of jurisdiction.[5]

### III.   Petitions for Review of BIA Orders

We do not have jurisdiction over the petitions for review of the BIA's interlocutory orders—Case Nos. 04-1767 (appealing the BIA order on nationality), 04-1068 (appealing the order vacating the change in custody status and release and sustaining bond appeal), and 03-4059 (appealing the order granting stay of execution of the bond order)—and each should therefore be denied.  As discussed, our review of BIA orders is precluded by the principles of exhaustion and finality.  Accordingly, we may not review orders entered by the BIA while removal proceedings are still pending.   Further, Case Nos. 04-1068 and 03-4059 should be denied because the IIRIRA specifically prohibits direct review of bond orders.  *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation or denial of bond or parole.").

---

[5]  Because we lack jurisdiction over Asemani's petition, we refrain from considering his nationality claim.  *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . .").  "Without jurisdiction [we] cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks and citations omitted).  We may not assume jurisdiction and proceed to the merits: "Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning." *Id.* at 101.

For the foregoing reasons, the judgment of the District Court for the Eastern District of Pennsylvania entered on October 29, 2003 (Case No. 03-4434) will be affirmed. The judgment of the District Court for the Middle District of Pennsylvania entered on January 30, 2004 (Case No. 04-1268) will be vacated and the case will be transferred back to the Middle District of Pennsylvania with instructions to dismiss. The petitions for review of the BIA orders (Case Nos. 04-1068, 03-4059, and 04-1767) will be denied.

---

Asemani v. Gonzales
Nos. 03-4059, 03-4434, 04-1068, 04-1268 & 04-1767

AMBRO, *Circuit Judge*, Concurring

In my estimation, we need look no farther than the exhaustion requirement codified at 8 U.S.C. § 1252(d)(1) to dispose of Asemani's consolidated cases. By its own terms, the Real ID Act applies to "cases in which the final administrative order of removal . . . was issued *before, on or after the date of the enactment of [the Act]*." Real ID Act of 2005 § 106(b), 119 Stat. at 311 (emphasis added). As we recently explained:

> In the Real ID Act . . . the Congress was silent as to what was to be done with an appeal from a district court habeas decision that is now pending before a court of appeals. Despite this silence, it is readily apparent, given Congress' clear intent to have all challenges to removal orders heard in a single forum (the courts of appeals) . . . that those habeas petitions that were pending before this Court on the effective date of the Real ID Act are properly converted to petitions for review and retained by this Court. We thus generally have jurisdiction to consider such a petition pursuant to section 242(a) of the INA. 8 U.S.C. § 1252(a) (1999 & Supp. 2005).

18

Bonhometre v. Gonzales, --- F.3d ----, 2005 WL 1653641, *2 (3d Cir. 2005). The text of the Act and our decision in Bonhometre teach that we are to apply the Real ID Act to Asemani's consolidated cases, treating them as a petition for review.[6] I disagree with my colleagues' conclusion to the contrary.

As described in the majority opinion, the Real ID Act has left no question that exhaustion of administrative remedies is a subject matter jurisdiction prerequisite to our review under 8 U.S.C. § 1252—the only review now available. Asemani clearly failed to exhaust available administrative remedies. For this reason alone, I reach the same result as that reached by my colleagues. However, I take no part in their application of pre-Real ID Act law (*e.g.*, Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2002)) to this case.

---

[6] "An order of removal made by [an] immigration judge . . . shall become final," *inter alia*, "[u]pon waiver of appeal by the respondent," or "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1(b),(c). As the Government explained in its brief:

> On June 1, 2004, Asemani appeared before Immigration Judge Durling on his remanded removal proceedings. Asemani withdrew all requests for relief from removal other than his claim of United States nationality, and *was ordered removed to Iran*. A.R. 1198. Asemani waived his appeal to the BIA, id., making the immigration judge's order *the final order of removal*. . . . He did not file a petition for review of the immigration judge's order.

(emphases added). We must thus treat IJ Durling's June 1, 2004 removal order as a final order of removal.

19