**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2152**

JING JIANG, a/k/a Jyung Jyang,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 3, 2012      Decided: April 12, 2012

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Petition denied in part; dismissed in part by unpublished per curiam opinion.

Cora J. Chang, New York, New York, for Petitioner. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, David H. Wetmore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jing Jiang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011), and can establish refugee status based on past persecution in her native country

2

on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2011).

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S.

407, 429-30 (1984).  Unlike asylum, withholding of removal is mandatory for anyone who establishes that their "life or freedom would be threatened . . . because of [their] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A) (2006).

To qualify for protection under the CAT, an alien bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2011).  To state a prima facie case for relief under the CAT, an alien must show that she will be subject to "severe pain or suffering, whether physical or mental, . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1) (2011); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008).

A determination regarding eligibility for relief from removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2006).  Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations."

Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

On appeal to the Board, Jiang claimed that she established past persecution based on her particular social group, her kinship ties with her family. The Board noted this claim was not raised before the immigration judge and that it does not recognize claims raised for the first time on appeal. Under 8 U.S.C. § 1252(d)(1) (2006), this court may review a final order of removal only if the alien "has exhausted all administrative remedies available to the alien as of right[.]" Any particular claim that is not properly exhausted is barred from being reviewed by this court. See Massis v. Mukasey, 549 F.3d 631, 638-39 (4th Cir. 2008) (Petitioner "may not raise an issue on appeal that he did not previously raise before the IJ and BIA."). This prohibition against reviewing unexhausted claims is jurisdictional. Id.

Exhaustion serves the purposes of (1) preventing premature interference with agency proceedings, (2) allowing the agency to operate efficiently and to correct its own errors, (3) affording the parties and the courts the benefits of the agency's expertise and (4) compiling an adequate record for judicial review. Weinbereger v. Salfi, 422 U.S. 749, 765 (1975); see also Kurfees v. INS, 275 F.3d 332, 336 (4th Cir. 2001) (the exhaustion requirement "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."). Because Jiang did not exhaust all available remedies, we conclude we are without jurisdiction to consider this claim. Accordingly, we dismiss in part the petition for review.

We have reviewed the immigration judge's finding that Jiang did not show that she has a well-founded fear of persecution and conclude that it is supported by substantial evidence. We further conclude that substantial evidence supports the finding that Jiang was not eligible for relief under the CAT.

Accordingly, we dismiss that part of the petition for review in which Jiang claims that she established a well-founded fear of persecution based on her membership in a particular social group, her family. We deny the remaining portion of the petition for review. We dispense with oral argument because the

6

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART;
DISMISSED IN PART
