**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1976**

ALEJANDRO MACEDO FRUCTUSO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 11, 2017                    Decided:  April 17, 2017

Before TRAXLER, DIAZ, and THACKER, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Bradley B. Banias, BARNWELL, WHALEY, PATTERSON, AND HELMS, Charleston, South Carolina, for Petitioner.  Chad A. Readler, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Sunah Lee, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Macedo Fructuso (Macedo), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. Macedo raises a due process violation for the first time on appeal, arguing that the immigration judge's conduct at his removal hearing violated his right to a full and fair hearing. We lack jurisdiction over this claim because Macedo failed to exhaust his administrative remedies before the Board.[*] 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638 (4th Cir. 2008). We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

[*] Although Macedo notes that there is an exception to the exhaustion requirement for certain constitutional claims, *see Farrokhi v. I.N.S.,* 900 F.2d 697, 700-01 (4th Cir. 1990); *Gallanosa v. United States,* 785 F.2d 116, 120-21 (4th Cir. 1986), we have never extended this exception to "procedural challenges that could have been addressed by the [Board]." *Kurfees v. I.N.S.,* 275 F.3d 332, 337 (4th Cir. 2001).