**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1812**

———————

NURY SUSANA ORTIZ-RAMIREZ; SHERLYN ABIGAIL AGUILAR-ORTIZ,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  January 20, 2026                                Decided:  April 9, 2026

———————

Before NIEMEYER, GREGORY, and RICHARDSON, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:**  Donald L. Schlemmer, Washington, D.C., for Petitioners.  Brian Boynton, Principal Deputy Assistant Attorney General, Bernard A. Joseph, Senior Litigation Counsel, Erik R. Quick, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nury Susana Ortiz-Ramirez and her child, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) upholding the Immigration Judge's (IJ) denial of Ortiz-Ramirez's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Upon review of the administrative record and Ortiz-Ramirez's claims relevant to asylum and withholding of removal, we conclude that her opening brief does not challenge the Board's independently dispositive finding that she failed to establish the required nexus between any persecution or fear of persecution and a protected ground. As such, Ortiz-Ramirez has forfeited appellate review of the asylum and withholding of removal claims.[1] *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Next, Ortiz-Ramirez claims that the IJ violated her due process rights by failing to develop the record and failing to afford her the broad review due process requires. As the Attorney General observes, however, Ortiz-Ramirez failed to raise, and therefore exhaust, these claims before the Board, which could have addressed and remedied the issues. *See Kurfees v. INS*, 275 F.3d 332, 337 (4th Cir. 2001). As the Attorney General has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to

---

[1] For this reason, we need not address Ortiz-Ramirez's other arguments challenging the denial of asylum and withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (recognizing that courts of appeal are generally not required to make findings on "issues the decision of which is unnecessary to the results they reach").

review the due process claims.[2] *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 419 (2023); *Trejo Tepas v. Garland*, 73 F.4th 208, 213-14 (4th Cir. 2023).

Finally, we have reviewed Ortiz-Ramirez's claims challenging the denial of CAT protection and conclude that substantial evidence supports the denial of relief. *Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019) (stating standard of review). Accordingly, we deny the petition for review. *In re Ortiz-Ramirez* (B.I.A. Aug. 8, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[2] Petitioner also contends that the Board's review was insufficient in various respects. Upon review, we find these claims to be without merit.