**Stacy Mechelle SIMPSON, Appellee,**

v.

**Donald M. CAMPER, Appellant.**

**No. 90–2225.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 14, 1992.

Decided Sept. 11, 1992.

William L. Webster, Jared R. Cone, Jefferson City, Mo., for appellant.

Lawrence H. Pelofsky, Overland Park, Kan., for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, Circuit Judge, and McMILLAN,* Senior District Judge.

RICHARD S. ARNOLD, Chief Judge.

This is a petition for habeas corpus brought by a prisoner in state custody, Stacy Mechelle Simpson. The District Court granted relief, and the state, represented by Donald M. Camper, petitioner's custodian, appealed.

After hearing oral argument, this Court decided that state remedies had not been exhausted. We therefore filed an opinion holding the appeal in abeyance "pending the outcome of a motion to recall the mandate in the Missouri Court of Appeals." *Simpson v. Camper,* 927 F.2d 392, 394 (8th Cir.1991). Such a motion was promptly filed, and, on May 30, 1991, the Missouri Court of Appeals, Southern District, granted the motion, recalled its mandate, and restored to its active docket petitioner's appeal, which had previously been dismissed for want of prosecution.

---

* The Hon. James B. McMillan, Senior United States District Judge for the Western District of

North Carolina, sitting by designation.

We have now been advised of the Court of Appeals' decision in petitioner's case. On July 14, 1992, that Court issued an opinion granting petitioner essentially the same relief that she had obtained in the District Court below. The Missouri Court of Appeals, acting on state-law grounds, has remanded the cause to the state trial court "for entry of a new plea to the State's charge." *State of Missouri v. Stacy Mechelle Simpson*, 836 S.W.2d 75, 83 (Mo.App.1992) (per curiam). In practical terms, this is precisely the relief that petitioner has been seeking in this federal proceeding.

The state has now filed a motion with us asking that the appeal pending here no longer be held in abeyance, and that the case be remanded to the District Court with instructions to dismiss as moot. Petitioner has not opposed this motion, which is, in any event, well taken.

Accordingly, there being no further practical point to this federal habeas proceeding, the motion of respondent Camper is granted. The case is restored to active status, the judgment of the District Court, 743 F.Supp. 1342, is vacated, and the case is remanded to that Court with instructions to vacate its previous action, granting a conditional writ of habeas corpus, and to dismiss petitioner's federal habeas proceeding as moot. This is the customary form of disposition in cases that become moot while pending on appeal. See *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950). We direct that our mandate issue forthwith.

It is so ordered.