**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AMERICAN CONSTITUTIONAL
LAW FOUNDATION, INC.; ELDON
W. COOPER; CRAIG C. ELEY;
JACK HAWKINS,

      Plaintiffs - Appellees,

vs.

DONETTA DAVIDSON, Secretary of
State for the State of Colorado,

      Defendant - Appellant.

No. 99-1142
(D.C. No. 92-N-1828)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ALARCON**,[**] and **HENRY**, Circuit Judges.

---

Defendant-Appellant, Donetta Davidson, Colorado Secretary of State

("Secretary"), appeals from the district court's issuance of a declaratory judgment

in favor of Plaintiffs-Appellees, American Constitutional Law Foundation, Inc.,

Eldon W. Cooper, Craig Eley, and Jack Hawkins ("ACLF"), holding that

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Arthur L. Alarcon, Senior United States Circuit Judge for
the Ninth Circuit, sitting by designation.

Colorado's statutory requirement that ballot initiative petition circulators be registered voters ("registered circulator requirement"), Colo. Rev. Stat. § 1-40-112(1), is in violation of the First Amendment of the United States Constitution, and is therefore unenforceable.

Background

Most of the relevant facts underlying the instant case are set forth in American Constitutional Law Found. v. Meyer, No. 94-1145, 1997 WL 282874 (10th Cir. May 29, 1997) (unpublished) (reversing district court's dismissal of the Plaintiffs' complaint). Subsequent to the remand, several important developments occurred. On January 12, 1999, the Supreme Court, in a related case, Buckley v. Am. Constitutional Law Found., 119 S. Ct. 636 (1999), held Colorado's registered circulator requirement unconstitutional. Subsequently, ACLF requested that the federal district court in this case enter an order enjoining the Secretary from disqualifying signatures based on the registered circulator requirement. On March 12, 1999, judgment in favor of the Plaintiffs was entered, declaring the registered circulator requirement violative of the First Amendment and unenforceable. Thereafter, ACLF filed a motion in the state district court to reopen the judgment in the state court analogue of these proceedings. That state district court judgment had been affirmed by the Colorado Supreme Court's

decision in McClellan v. Meyer, 900 P.2d 24 (Colo. 1995). On June 16, 1999, the state district court granted ACLF's motion, and remanded the case to the Secretary with directions that she recount ACLF's petitions without applying the unconstitutional registered circulator requirement. On July 7, 1999, the Colorado Supreme Court denied the Secretary's Petition for Relief from the state district court's order.

## Analysis

The Secretary argues that the district court erred by failing to dismiss ACLF's claims on the ground that the Supreme Court's decision in Buckley rendered the federal action moot. The Secretary also argues that the district court erred by failing to dismiss ACLF's action on the ground that the matter was barred by claim preclusion. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

We need not reach these arguments, as we are convinced that the action has been rendered moot by the disposition of the state district court.

A case is moot when the issues involved are no longer "'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969). A case may become moot if "(1) it can be said with assurance that

'there is no reasonable expectation ...' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Davis, 440 U.S. 625, 631 (1979) (internal citations omitted). The crucial question in this inquiry is whether "'granting a present determination of the issues offered...will have some effect in the real world.'" Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir. 1999) (citations omitted).

A court may also find a party's claims moot under the doctrine of "prudential mootness" even if there is no constitutional mootness problem. Courts generally invoke this doctrine in the context of a request for preliminary injunction, where it seems that the defendant (usually the government) is in the process of changing its policies such that any repeat of the actions in question is unlikely. See The Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1492 (10th Cir. 1993). This doctrine is rooted in the court's general discretion in creating prospective remedies, "especially with regard to the government of the United States where 'considerations of ... comity for coordinate branches of government' come into play." Id.

Because mootness is jurisdictional, we are empowered to raise the issue sua sponte. McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). When a case becomes moot on appeal, and there is no further practical point to

the proceeding, the appeals court should issue the appropriate order accordingly. See Simpson v. Camper, 974 F.2d 1030, 1030-31 (8th Cir. 1992) (in the context of habeas corpus). It is important to note that it is not enough that a dispute exists at the time the case was filed, but rather this is a continuing requirement. See McClendon, 100 F.3d at 867. The parties must continue to have a personal stake in the outcome. Id. Our task is to "look beyond the initial controversy and decide whether the present dispute is sufficiently immediate and real." Id.

There is no "reasonable expectation" or "demonstrated probability" that the same controversy will recur involving the same complaining party. Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist., 739 F.2d 1472, 1479 (10th Cir. 1984) (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)). The state district court has accorded ACLF all of the relief it sought through its action in the federal district court, and there is no demonstrated possibility of ACLF being likewise injured in the future. In order to find a live controversy, we would have to assume that the Secretary would ignore the command of the state district court, to say nothing of the Supreme Court's resolution of the issue, and persist in its use of the unconstitutional initiative provision. We will not so speculate, see McClendon, 100 F.3d at 867-68. Thus, the instant matter is now moot. See Operating Engineers Local Union No.3 v. Bohn, 737 F.2d 860, 863 (10th Cir. 1984) (holding that plaintiff's substantive

claims were moot because he had been accorded all of the relief sought).

The underlying substance of the case has been resolved by the state court, given the state district court's decision to remand the matter to the Secretary for reassessment of ACLF's petitions in light of the unconstitutionality of the registered circulator requirement. There is nothing more for the federal courts to do in this respect. As such, we vacate the judgment below and remand for the district court to dismiss the action. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950); Jones v. Temmer, 57 F.3d 921, 923 (10th Cir. 1995).

VACATED and REMANDED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge