**Oumara CAMARA, Petitioner,**

v.

**Mike COMFORT, Acting District Director, and Immigration and Naturalization Service, Respondents.**

No. 02–Z–1013(PAC).

United States District Court, D. Colorado.

Dec. 11, 2002.

Leon Ari Weitzhandler, Denver, CO, for plaintiff.

Michael E. Hegarty, Mark S. Pestal, U.S. Attorney's Office, Denver, CO, for defendants.

### ORDER AND JUDGMENT
### OF DISMISSAL.

WEINSHIENK, Senior District Judge.

Jurisdiction in this case is pursuant to 28 U.S.C. § 2241. Petitioner is subject to a final order of removal entered on August 29, 1999. Pursuant to this Order, he was taken into custody by the Immigration and Naturalization Service on November 5, 2001. On May 28, 2002, Petitioner filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking his release from custody. On July 3, 2002, the Court ordered that Petitioner be given a reasonable bond not to exceed $2,500 no later than July 10, 2002, at 2:00 p.m. Bond was posted on behalf of Petitioner, and he was released from custody.

Two motions are now before the Court: (1) Respondents' Motion To Dismiss As Moot; and (2) Petitioner's Cross Motion For Default Judgment.

### A. Respondents' Motion To Dismiss As Moot

In their Motion To Dismiss As Moot, Respondents argue that because Petitioner is no longer in custody his petition should be dismissed as moot. Petitioner responds that the case is not moot for three reasons. First, Petitioner argues that his release from custody does not moot his petition because certain conditions contained in the order of supervision under which he was released constrain his autonomy. Second, Petitioner argues that his release does not moot his petition because he is still subject to a final, *in absentia* order of removal. Finally, Petitioner argues that his release does not moot his petition because the petition also asks the Court to review the Immigration Judge's denial of Petitioner's motion to reopen the removal proceedings against him.

This case is moot notwithstanding Petitioner's first two arguments, and the Court cannot consider the Immigration Judge's denial of Petitioner's motion to reopen the removal proceedings against him because Petitioner failed to appeal the Immigration Judge's decision to the Board of Immigration Appeals. Accordingly, this case should be dismissed.

Because Petitioner was in custody at the time he filed his Petition For Writ Of Habeas Corpus, his release does not auto-

matically moot his petition.[1] Instead, the Court must consider whether the petition still presents a live case or controversy under Article III.[2] To do so, the Court must inquire whether Petitioner has suffered or is threatened with, an actual injury traceable to Respondents that is likely to be redressed by a favorable judicial decision.[3]

Petitioner first argues that although he has been released from custody, the multiple restrictions on his freedom contained in the order of supervision constitute an actual injury. In other words, Petitioner argues that the conditions in his order of supervision constitute secondary or "collateral consequences" that survive notwithstanding resolution of the primary injury.[4] The primary injury alleged in the petition, however, was Petitioner's illegal detention, not the final order of removal to which he is subject. Since the conditions in the order of supervision flow, not from Petitioner's illegal detention, but from the final order of removal, they are not collateral consequences of Petitioner's detention, and therefore cannot sustain the petition's justiciability under Article III.[5] Even if the conditions in the order of supervision could be construed as "collateral consequences," they do not rise to the level of constitutional injury sufficient to render this case a live controversy under Article III.[6]

Petitioner's second argument, that this case is still a live case or controversy because he is still subject to a final, *in absentia*, order of removal, is equally unconvincing. Like the conditions imposed in the order of supervision, the chance that Petitioner will be deported sometime in the future flows from the final order of removal, not his illegal detention. Moreover, the possibility that Petitioner will be taken back into custody and then deported is too speculative to constitute an actual injury within the meaning of Article III.[7] In his brief to this Court, Petitioner concedes that this eventuality is "certainly not foreseeable at the present time" but could hypothetically occur "thirty years from now."[8] This Court does not have jurisdiction to resolve claims based on hypothetical injuries.

Finally, Petitioner argues that this case is still a live case or controversy because the Petition also claims that the Immigration Judge's denial of Petitioner's motion to reopen the removal proceedings against him was "arbitrary, capricious, and contrary to Board [Of Immigration Appeals] precedent." Direct judicial review of "all questions of law and fact arising from any action or proceeding brought to remove an alien" is only available in the federal circuit courts of appeals.[9] Collateral review of a final order of removal[10] in the district court pursuant to § 2241, however, is not precluded by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Thus, contrary to Re-

---

1. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

2. *Id.*

3. *Id.*

4. *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir.2002).

5. *See Sango v. Reno*, 2001 WL 1223427 (S.D.N.Y.2001).

6. *See generally Spencer*, 523 U.S. at 7–18, 118 S.Ct. 978.

7. *See Riley*, 310 F.3d 1253, 1256–57.

8. Petitioner's Reply to Respondents' Motion To Dismiss As Moot & Cross Motion For Default Judgment at 4, (filed September 5, 2002).

9. *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir.1999) (citing 8 U.S.C. § 1252(b)(9)); *see also* 8 U.S.C. § 1252(a)(1).

10. Although the petition is styled as a challenge to the Immigration Judge's denial of the motion to reopen the removal proceedings, it

spondents' contentions, the IIRIRA does not divest this Court of habeas jurisdiction to consider Petitioner's challenge to the Immigration Judge's decision, at least to the extent the Immigration Judge's decision constituted a denial of due process.[11] Even if construed as a due process challenge, Petitioner's failure to exhaust his administrative remedies before the Board of Immigration Appeals (BIA) warrants dismissal of this claim.[12]

 It is well settled that absent overriding justification, aliens must exhaust their administrative remedies prior to seeking review of a deportation order.[13] Courts have carved out an exception to this exhaustion requirement for constitutional challenges to the immigration laws

because the BIA has no jurisdiction to review such claims.[14] Nevertheless, " 'the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process.' "[15] Therefore, notwithstanding the exception to the exhaustion requirement for constitutional issues, "a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process."[16] The procedural errors Petitioner alleges are exactly the sort that require exhaustion because, given the opportunity, the BIA could have corrected them.[17] Consequently, this Court has no jurisdiction to resolve the procedural errors Petitioner alleges.

is clear that what Petitioner actually is contesting is the order of removal itself. Thus, there is no point in distinguishing one from the other. *See Cheng Fan Kwok v. INS*, 392 U.S. 206, 217, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968) ("Petitions to reopen, like motions for rehearing or reconsideration, are ... intimately and immediately associated with the final orders they seek to challenge." (internal quotations omitted)); *see also Salehi v. District Director, INS*, 796 F.2d 1286, 1290 (10th Cir.1986).

**11.** *See INS v. St. Cyr*, 533 U.S. 289, 310–314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that a criminal alien could use § 2241 to challenge a final order of removal); *Riley*, 310 F.3d at 1256 (extending *St. Cyr* to hold that federal courts retain § 2241 jurisdiction over petitions from criminals and non-criminals alike); *see also Liu v. INS*, 293 F.3d 36, 41 (2d Cir.2002) (holding that "Congress has preserved the right to habeas review for both criminal and non-criminal aliens"); *Chmakov v. Blackman*, 266 F.3d 210, 215 (3d Cir.2001) (holding that district court retains § 2241 jurisdiction over constitutional challenges to order of removal entered against non-criminal aliens).

**12.** *Cf. Momennia v. INS.*, 2000 WL 719473, at *2 (10th Cir.2000) (holding that the failure to appeal to the BIA an order denying a motion to reopen is a failure to exhaust administra-

tive remedies, which deprives the circuit court of jurisdiction to review his claims); *cf. also Kurfees v. INS*, 275 F.3d 332, 336–37 (4th Cir.2001) (holding that the district court correctly determined that it lacked jurisdiction to consider a habeas petition because aliens must exhaust their administrative remedies before proceeding to federal court).

**13.** *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

**14.** *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir.1999).

**15.** *Id.* (quoting *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995)); *see also Liu*, 55 F.3d at 426 (noting that a procedural error may be of constitutional magnitude without depriving the BIA of the authority to correct it).

**16.** *Rashtabadi*, 23 F.3d at 1567 (internal quotations omitted).

**17.** *Id.; see also Liu*, 55 F.3d at 426 (reasoning that if the exhaustion requirement is to serve its purpose, the exception for constitutional questions must not be allowed to swallow the rule, and therefore courts must distinguish between procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken).

In a facile attempt to avoid this conclusion, Petitioner argues that being forced to choose between remaining in custody pending the appeal of the Immigration Judge's denial of the motion to reopen or accepting the Immigration Judge's decision and "obtaining" his release following the 90–day removal period is itself a denial of due process. However, choosing to forego an appeal to the BIA appears to be a strategic decision on Petitioner's part. As this case demonstrates, an alien's release from custody following the 90–day removal period is far from certain.[18] This argument is therefore without merit.

### B. Petitioner's Cross–Motion For Default Judgment

■ Because Respondents did not respond to this Court's July 9, 2002, Order To Show Cause in a timely fashion, Petitioner seeks a default judgment ordering that the removal proceedings against him be reopened. The Court has concluded that it does not have jurisdiction to review the Immigration Judge's denial of Petitioner's motion to reopen the removal proceedings. Therefore, the Court cannot enter a default judgment ordering that the removal proceedings against Petitioner be reopened.[19] Accordingly it is

ORDERED that Respondents' Motion To Dismiss As Moot is granted. It is

FURTHER ORDERED that Petitioner's Cross–Motion For Default Judgment is denied. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed.

---

**18.** *See* 8 C.F.R. 241.4 (2002); *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**19.** *United States v. Forma,* 42 F.3d 759, 762 (2d Cir.1994).