# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2490

_____

|  |  |  |
|---|---|---|
| Ahmed Hassan Ali, also known as Ahmed Warsame, | * * * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Mark Cangemi, Interim Director, Bureau of Immigration and Customs Enforcement, | * * * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2005
Filed: August 16, 2005

_____

Before LOKEN, Chief Judge, LAY, WOLLMAN, MORRIS SHEPPARD ARNOLD, MURPHY, BYE, RILEY, MELLOY, SMITH, COLLOTON, GRUENDER, and BENTON, Circuit Judges, en banc.

_____

RILEY, Circuit Judge.

On May 15, 2003, Ahmed Hassan Ali (Ali), a native of Somalia, applied in the district court for a writ of habeas corpus under 28 U.S.C. § 2241, alleging his extended detention awaiting deportation was unlawful and requesting the government release him from custody. On June 1, 2004, the district court granted the writ, and thereafter the government pursued this appeal. A panel of this court affirmed in a

September 27, 2004 opinion. Ali v. Cangemi, 384 F.3d 989 (8th Cir. 2004). On November 23, 2004, the en banc court vacated the panel opinion and granted rehearing en banc. We now reverse and vacate the district court judgment, and direct the district court to dismiss, without prejudice, Ali's application for a writ of habeas corpus as moot.

On December 29, 2004, the Bureau of Immigration and Customs Enforcement (BICE) released Ali, allegedly by mistake, pursuant to an order of supervision issued under one of Ali's aliases. Since releasing Ali from custody, BICE has been unsuccessful to date in its attempts to locate Ali. Because Ali has failed to comply with the order of supervision requiring him to report to BICE and to notify BICE of any change of residence, BICE considers Ali a fugitive and intends to apprehend Ali and return him to custody.

On February 2, 2005, the original panel in this case ordered supplemental briefing to address the current custodial status of Ali, whether Ali's status rendered this appeal moot, and the effect on this appeal of two recent Supreme Court decisions, Jama v. Immigration & Customs Enforcement, 125 S. Ct. 694 (2005), and Clark v. Martinez, 125 S. Ct. 716 (2005). In response to the request for supplemental briefing, both Ali and the government contend Ali's release does not moot this appeal. The government argues that if Ali is located, his future detention is likely and, therefore, a case or controversy continues to exist. Ali's counsel argues, because the government intends to reincarcerate Ali if given the opportunity, a case or controversy remains present.

Two varieties of mootness exist: Article III mootness and prudential mootness. Article III mootness arises from the Constitution's case and controversy requirement: "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of

litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (alteration in original)); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. See Powell v. McCormack, 395 U.S. 486, 496 n.7 (1969).

On the other hand, prudential mootness, "[t]he cousin of the mootness doctrine, in its strict Article III sense, is a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration." Chamber of Commerce v. United States Dep't of Energy, 627 F.2d 289, 291 (D.C. Cir. 1980). Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court "should treat [the case] as moot for prudential reasons." United States v. (Under Seal), 757 F.2d 600, 603 (4th Cir. 1985); see also Alton & S. Ry. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, 463 F.2d 872, 877 (D.C. Cir. 1972) (recognizing "the constitutional power of a court to decide a contention presented on appeal does not define a constitutional duty. There is latitude in appellate courts to develop doctrines of judicial administration that permit a court to decline decision though not precluded by a jurisdictional bar from consideration of the matter."); 13A Charles Alan Wright, Arthur R. Miller, Edward M. Cooper, Federal Practice and Procedure § 3533.1, at 222-26 (2d ed. 1984). A panel of our court adopted the prudential mootness doctrine reasoning in Voyageurs Nat'l Park Ass'n v. Norton, 381 F.3d 759, 765 (8th Cir. 2004) (citing S. Utah Wilderness Alliance v. Smith, 110 F.3d 724, 727-30 (10th Cir. 1997)).

With Ali's December 29, 2004 release, Ali arguably received the relief he requested. See, e.g., Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (holding petitioner's release from detention under an order of supervision "moots his challenge to the legality of his extended detention"); Camara v. Comfort, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002) (holding petitioner's release from custody rendered his habeas petition moot). Because Ali was in custody when he filed his application for a writ of habeas corpus, his subsequent release from custody does not automatically moot this appeal in the Article III sense. Spencer, 523 U.S. at 7. However, we need not decide whether Ali's case is moot in the Article III sense, because we conclude Ali's case is prudentially moot in light of the myriad of uncertainties in this case, including whether and where Ali might be apprehended, the changing country conditions in Somalia, and our inability to provide an effective remedy at this time.

Accordingly, we reverse and vacate the judgment of the district court, remand the case to the district court, and instruct the district court to dismiss, without prejudice, Ali's application for a writ of habeas corpus as moot. See Simpson v. Camper, 974 F.2d 1030, 1031 (8th Cir. 1992) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950)) (providing the dismissal of a habeas petition "is the customary form of disposition in cases that become moot while pending on appeal").

LAY, Circuit Judge, with whom BYE, Circuit Judge, joins, concurring and dissenting.

I do not agree that the case should be dismissed on the ground of mootness for prudential reasons.

One difficulty with the majority opinion is that it fails to discuss the elements of prudential mootness in a meaningful way. Judge Phillips of the Fourth Circuit explained that sometimes a case can be *treated*

> as moot for prudential reasons. *See, generally*, 13A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3533.1. These have to do both with our inability to give an effective remedy under the circumstances now developed and with the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by supervening events; which is not likely to recur in its original form in respect of these appellees; and which in its altered form is now subject to determination in a more appropriate forum and litigation setting.

*United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985). The majority announces in conclusory language that we are unable to provide effective remedy because of the myriad uncertainties in this case. Majority opinion at 4. I do not see that as the case. Were we to reach the constitutional question looming in this case – i.e., whether any further detention of Ali would offend *Zadvydas v. Davis*, 533 U.S. 678 (2000) – we would face an issue that is purely a question of law. Resolution of that legal question is not encumbered by the fact of Ali's mistaken release (as the government has vowed to reapprehend him), or the country conditions in Somalia. In short, the majority has failed to demonstrate that the circumstances of this case are a good fit for the prudential mootness doctrine.

At the very least, this case requires a remand to the district court to determine the status of the case so that it can be dismissed or brought back to this court in its present form after the district court has had an opportunity to review our remand. If this direction was included in the majority opinion it would be much more informative to the district court than what is presently written by the majority opinion.

More important is the fact that *Zadvydas* and *Clark v. Martinez,* 125 S. Ct. 716 (2005), still remain. Both of these cases demonstrate that Ali should not be detained any further since further detention would be unconstitutional. He has already served over thirteen months in detention solely for the purpose of awaiting removal to Somalia. Even the government concedes that Ali's removal is not "reasonably foreseeable," Supp. Brief for Respondent at 10, as required by *Zadyvdas*. *See* 533 U.S. at 699-701. The district court, upon remand, could reconsider whether to affirm Ali's petition for habeas corpus based upon additional evidence, or to dismiss the case.

This case should terminate somewhere.

As the majority opinion merely dismisses without prejudice, it leaves the matter open ended, and there is no hope for a final termination.

_____