BYE, Circuit Judge,
dissenting.
Although I would like to reach the merits of the district court’s preliminary injunction order, as have the other members of this hearing panel, it is clear the merits cannot be reached. There is no case or controversy between Reproductive Health Services and the Attorney General of Missouri, the only party who appealed the district court’s order. The two local prosecutors sued by Reproductive Health, the only proper parties in this action, did not appeal. We therefore lack Article III jurisdiction to decide this appeal and are powerless to address the merits. As a consequence, I respectfully dissent.
Attorney General Nixon contends he is immune from suit under the Eleventh Amendment. His position is Reproductive Health cannot sue him for injunctive relief under Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), because he has not threatened to enforce the disputed statute and does not have the ability to initiate enforcement of it. In my view— and apparently the majority’s, see ante at 9 (indicating an injunction against Nixon “looks very much like” an impermissible injunction against the State of Missouri)— Nixon is correct. Under the Ex parte Young exception, the state official named as a party “must have some connection with the enforcement of the act, or else it is merely making [the official] a party as a representative of the state, and thereby attempting to make the state a party.” 209 U.S. at 157, 28 S.Ct. 441. Moreover, the exception only applies against officials “who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution.” Id. at 156, 28 S.Ct. 441.
In Children’s Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412 (6th Cir.1996), a children’s rights organization and a parent sued the Ohio Attorney General and certain local prosecutors. The plaintiffs challenged Ohio statutes which allowed a parent or guardian to treat a child’s illness by spiritual means in accordance with religious beliefs without violating a duty owed to the child. Id. at 1413-14. . The Ohio Attorney General moved to dismiss on the grounds the claim against her did not fall within the Ex parte Young exception. The district court denied the motion.
On appeal the Sixth Circuit reversed, stating “[t]he Attorney General did not threaten to commence and was not about to commence proceedings.... Moreover, Ohio law delegates the enforcement of the challenged statutes to local prosecutors, not the Attorney General. General Montgomery has no connection to the enforcement of the statutes.” Id. at 1416-17 (internal citations omitted). The court addressed Ex parte Young’s requirement the state official have “some connection with the enforcement of the act,” indicating such requirement “does not diminish the requirement that the official threaten and be about to commence proceedings.” Id. at 1416. “General authority to enforce the law of the state is not sufficient to make government officials the proper parties to litigation challenging the law.” Id. (quoting 1st Westco Corp. v. Sch. Dist. of Philadelphia, 6 F.3d 108, 113 (3d Cir.1993)).
Similarly, in Okpalobi v. Foster, 244 F.3d 405 (5th Cir.2001), providers of abortion services sued Louisiana’s Governor and Attorney General to challenge a stat *1147 ute making abortion providers liable to patients in tort for any damage caused by an abortion. The district court enjoined the state from enforcing the law and the defendants appealed. On appeal, the court addressed whether the suit was barred by the Eleventh Amendment. The panel concluded the defendants fit within the Ex parte Young exception and upheld the injunction, but the Fifth Circuit granted rehearing en banc.
En banc, the Fifth Circuit noted Ex parte Young required the sued official to have “ ‘some connection with the enforcement of the act’ or to be ‘specifically charged with the duty to enforce the statute’ and be threatening to exercise that duty.” Id. at 414-15 (quoting Ex parte Young, 209 U.S. at 157, 158, 28 S.Ct. 441). “[T]he Young principle teaches that it is not merely the general duty to see that the laws of the state are implemented that substantiates the required ‘connection,’ but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.” Id. at 416. After finding no particular duty set forth in the laws of the state specifically charging the Governor or Attorney General with enforcement of the challenged statute, or any action on the part of those defendants to enforce the statute, the en banc court concluded the defendants enjoyed Eleventh Amendment immunity. Id. at 424.
In this case, Attorney General Nixon is immune from suit under the Eleventh Amendment. Missouri law delegates to local prosecutors the responsibility of enforcing the statute. While the governor could ask Nixon to “aid a prosecuting attorney or circuit attorney” in the discharge of his or her duties, Mo.Rev.Stat. § 27.030, or a trial court could direct Nixon to sign indictments in lieu of a local prosecutor, id., or a local prosecutor could request Nixon’s assistance, State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079, 1085 (1931), none of those events occurred here. Missouri law does not allow Nixon to initiate state action against the abortion providers. Nixon did not threaten and was not about to commence proceedings against the abortion providers, nor did he have the ability to do so.
Given the posture of this appeal, Nixon’s immunity from suit necessarily raises concerns about our jurisdiction. While Reproductive Health sued two local prosecutors along with Nixon, only Nixon filed an appeal with our court. “Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.” Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir.2005) (quoting Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.2000)). This court is required to address its Article III jurisdiction before addressing the merits. Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). If Reproductive Health does not have an actual case or controversy with Nixon, it follows we do not have jurisdiction to address the merits of this appeal.
To establish a case or controversy between itself and Attorney General Nixon, Reproductive Health must show 1) it has suffered, or is about to suffer, an injury in fact, 2) a causal connection between the injury and the defendant’s conduct, and 3) the real likelihood, as opposed to mere speculation, the. injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Attorney General Nixon’s inability to enforce section 188.039 of the Missouri’Revised Statutes is fatal. See Okpalobi, 244 F.3d at 426 (“The requirements of Lujan are entirely consistent with the long-standing rule that a plaintiff may not sue a state official who is without any power to enforce the com *1148 plained-of statute.”). Because Nixon is the only party who appealed the district court’s order and there is no actual case or controversy between him and Reproductive Health, we lack jurisdiction to address the merits of this appeal. Cf. id. at 429 (concluding the district court lacked Article III jurisdiction where the only parties sued lacked the ability to enforce the challenged statute).
For the reasons stated, I would first address the jurisdictional infirmities of this appeal. Because our jurisdiction is lacking, I would dismiss the appeal without addressing the merits. Therefore, I respectfully dissent.