OPINION OF THE COURT
TASHIMA, Senior Circuit Judge.
At the heart of this case lie 7.69 acres of wetlands once located in the Meadowlands Sports Complex (“MSC”), a 684-acre property located in the Hackensack Meadow-lands of East Rutherford, New Jersey. On March 18, 2005, Defendant-Appellee United States Army Corps of Engineers (“Corps”) granted Defendant-Appellee Meadowland Mills/Mack-Cali Limited Partnership[1] (“Partnership”) a permit to fill the wetlands pursuant to Section 404 of the Clean Water Act (“CWA”), 33 U.S.C. § 1344. Plaintiffs Sierra Club, New Jersey Public Interest Group Citizens Lobby, Inc., and New Jersey Environmental Federation brought suit challenging the legality of the permit, contending violations of the CWA, 33 U.S.C. §§ 1251-1387; the Administrative Procedure Act (“APA”), 5 U.S.C. §§ 500-596; the National Environmental Policy Act (“NEPA”), 42 U.S.C. §§ 4321-4375; the Rivers and Harbors Act, 33 U.S.C. §§ 401-467n; and implementing regulations. The District Court *172 granted summary judgment in favor of Defendants on all claims. See Sierra Club v. U.S. Army Corps of Eng’rs, 450 F.Supp.2d 503 (D.N.J.2006). Because all but 0.12 acres of the 7.69 acres of wetlands have been filled and construction on top of the former wetlands is substantially complete, we can no longer provide Plaintiffs with any meaningful relief. Accordingly, we vacate the district court’s opinion and remand with instructions to dismiss the action as moot.
Because we write for the parties, we include only those facts necessary for the disposition of this case. The Partnership won a bid to construct the Meadowlands Xanadu Redevelopment Project as part of a state-run plan to redevelop the Continental Airlines Arena Site (“Arena Site”) at the MSC. Because the 104-acre redevelopment site contained 7.69 acres of wetlands, the Partnership applied to the Corps for a fill permit pursuant to § 404 of the CWA. The Corps issued the permit on March 18, 2005, and Plaintiffs filed them complaint on March 30, 2005. Plaintiffs contended that the Corps issued the permit in violation of the CWA, the APA, NEPA, and the Rivers and Harbors Act, and alleged recreational and aesthetic injuries that would result from the loss of the wetlands. In May 2005, Plaintiffs filed a motion for preliminary injunction, which was denied on July 7, 2005. The district court granted summary judgment in favor of the Defendants on all claims on September 28, 2006. Plaintiffs timely appealed.[2]
Construction commenced in March 2005. By January 2006, 6.97 acres of wetlands had been filled, and between August 2007 and October 2007, four more small wetlands were filled, for a total of 7.57 acres filled. Today, two small patches of wetlands remain: a 0.09 acre and 0.03 acre patch, each bordering and on opposite sides of the New Jersey Turnpike.
The question before us is whether the substantial filling of the wetlands — 7.57 out of 7.69 acres — has rendered Plaintiffs’ claims moot. There exist two categories of mootness: Article III mootness and prudential mootness. Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir.2005) (en banc); see also Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir.1987) (“In addition to its threshold constitutional dimension, mootness doctrine incorporates prudential considerations as well.”). Our jurisdiction is limited by Article III of the Constitution, which ties our judicial authority to the existence of a “case or controversy.” Rendell v. Rumsfeld, 484 F.3d 236, 240 (3d Cir.2007) (citing Int'l Bhd. of Boilermakers, 815 F.2d at 914). If a case becomes moot in the Article III sense, we do not have jurisdiction. Id. at 241. Under the prudential mootness doctrine, however, we may decline to exercise our discretion to grant declaratory and injunctive relief if the controversy is “so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.” Chamber of Commerce v. U.S. Dep’t of Energy, 627 F.2d 289, 291 (D.C.Cir.1980) (cited with approval in Int’l Bhd. of Boilermakers, 815 F.2d at 915); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 700 (3d Cir.1996) (“ ‘The discretionary power to withhold injunctive and declaratory relief for prudential reasons, even in a case not constitutionally moot, is well established.’ ”) (quoting S-1 v. Spangler, 832 F.2d 294, 297 (4th Cir.1987)).
The central question in a prudential mootness analysis is “ ‘whether changes in *173 circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.’ ” Int’l Bhd. of Boilermakers, 815 F.2d at 915 (quoting Jersey Cent. Power & Light Co. v. New Jersey, 772 F.2d 35, 39 (3d Cir.1985)). Plaintiffs’ alleged injuries are harms to them recreational and aesthetic interests that would result from filling the 7.69 acres of wetlands in the Arena site. Because Plaintiffs used the wetlands for “hiking, bird watching, nature study, and wildlife appreciation,” they alleged that they would be harmed by any unlawful fill of those wetlands. However, the wetlands Plaintiffs enjoyed at the beginning of this litigation are now gone and cannot be restored. Plaintiffs do not ask that the existing structures be removed, and redressing Plaintiffs’ alleged procedural harms under the CWA, NEPA, and the APA would not conceivably restore any wetlands on the Arena site.[3] Because the substantially complete fill forecloses the opportunity for any meaningful relief to Plaintiffs’ alleged injuries, we hold that this case is prudentially moot.
We reach this result notwithstanding the fact that 0.12 acres of wetlands remain unfilled. A ruling in Plaintiffs’ favor could theoretically protect those wetlands, and thus preserves the Article III requirement for a case or controversy. However, the remaining wetlands are split into two even smaller parcels: a .09 acre parcel and a .03 acre parcel. These wetlands are adjacent to and separated by the New Jersey Turnpike. Preserving small parcels of wetlands, separated and bordered by a major thoroughfare, would not provide any meaningful relief to Plaintiffs’ alleged recreational and aesthetic injuries. In the absence of any possibility for meaningful relief, we are free to hold that the case is prudentially moot.
Accordingly, we will vacate the opinion and judgment of the district court and remand the case with instructions that the district court dismiss the case as moot.

. On November 22, 2006, the Meadowlands Mills/Mack-Cali Limited Partnership changed its name to the Meadowlands Developer Limited Partnership. For sake of simplicity, we refer to Defendant-Appellee as "Partnership” throughout.

. Plaintiffs do not appeal the grant of summary judgment on their Rivers and Harbors Act claim.

. Additional off-site mitigation would not redress Plaintiffs' injuries either. The fill permit provided for the preservation and enhancement of over 600-acres of wetlands to mitigate the loss of the 7.69 acres to be filled. Plaintiffs did not claim in their complaint that further mitigation was necessary; rather they asked that the 7.69 acres on the Arena site be preserved.