# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3268

_____

The Arc of Iowa; Charmaine Alexander, Individually and on behalf of C.B.;
Johnathan Craig, Individually and on behalf of E.C. on behalf of J.C.; Michelle
Croft, Individually and on behalf of J.J.B.; Amanda Devereaux, Individually and
on behalf of P.D.; Carissa Froyum Roise, Individually and on behalf of H.J.F.R.;
Lidija Geest, Individually and on behalf of K.G.; Melissa Hadden, Individually and
on behalf of V.M.H.; Lisa Hardisty Sithonnorath, Individually and on behalf of
A.S.; Heather Lynn Preston, Individually and on behalf of M.P. on behalf of S.P.;
Rebekah Stewart, Individually and on behalf of E.M.S.; Erin Vercande,
Individually and on behalf of S.V.

*Plaintiffs - Appellees*

v.

Kimberly Reynolds, In her official capacity as Governor of Iowa; Ann Lebo, In her
official capacity as Director of the Iowa Department of Education

*Defendants - Appellants*

Ankeny Community School District; Council Bluffs Community School District;
Davenport Community School District; Decorah Community School District;
Denver Community School District; Des Moines Public Schools; Iowa City
Community School District; Johnston Community School District; Linn Mar
Community School District; Waterloo Community School District

*Defendant*s

------------------------------

American Academy of Pediatrics; American Academy of Pediatrics, Iowa Chapter

*Amici on Behalf of Appellees*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 28, 2022
Filed: May 16, 2022
[Published]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Defendants Kim Reynolds, Governor of Iowa, and Ann Lebo, Director of the Iowa Department of Education, appeal the district court's entry of a preliminary injunction completely barring enforcement of Iowa Code Section 280.31.

This Court vacates the preliminary injunction as moot. The issues surrounding the preliminary injunction are moot because the current conditions differ vastly from those prevailing when the district court addressed it. COVID-19 vaccines are now available to children and adolescents over the age of four, greatly decreasing Plaintiffs' children's risk of serious bodily injury or death from contracting COVID-19 at school. Further, when Plaintiffs sought a preliminary injunction, delta was the dominant variant, producing high transmission rates and case loads throughout the country. Now, omicron has become dominant and subsided, leaving markedly lower transmission rates and case loads throughout Iowa and the country.[1] The passage of time and acts of third parties have mooted the

_____

[1] *See, e.g.*, CDC, Effectiveness of COVID-19 Pfizer-BioNTech Vaccination in Preventing COVID-19-Associated Urgent Care and Hospitalization Among Nonimmunocompromised Children Aged 5-17 (Mar. 4, 2022) (listing efficacy at various periods after second dose), https://www.cdc.gov/mmwr/volumes/71/wr/mm7109e3.htm (last visited May 9, 2022); CDC, COVID Data Tracker: COVID-19 Integrated County View (listing 97 Iowa counties as "low" COVID-19 community-level areas, and two as "medium"), https://covid.cdc.gov/covid-data-tracker/ (last visited May 9, 2022).

preliminary injunction. *Cf. South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990) (holding moot suit—challenging government water discharge from lake at rate that allegedly would prevent fish from successfully spawning—where "the passage of time and the conclusion of the spawning season in [the] Lake" meant the underlying concern had passed, as the fish spawn had already occurred); *Ringo v. Lombardi*, 677 F.3d 793, 797 (8th Cir. 2012) (finding challenge to state's use of three-drug lethal-injection protocol moot where supplier of one drug stopped making it, "leaving no domestic manufacturer," rendering state "unable to carry out the challenged protocol as written," and "unlikely" to ever be able to do so due to shortages and importation restrictions).

No court could grant effective relief as sought for the preliminary injunction because enjoining Defendants' enforcement of Section 280.31 has no effect on Plaintiffs' children, whose risk of contracting COVID-19 at school is now low even without mask requirements, as is their risk of serious injury or death. *See Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) ("When . . . a federal court can no longer grant effective relief, the case is considered moot." (quotation marks omitted)); *see id.* at 724 (recognizing that, beyond Article III mootness, a court may "treat [a] case as moot for prudential reasons" (quotations omitted)); *see generally* 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. and Proc. § 3533.1 (3d ed. April 2022 Update) (discussing Article III and prudential mootness doctrines, concluding that "there is little prospect that clear lines will be drawn between [these] constitutional and prudential doctrines," and recognizing that courts typically "focus . . . on the ability to provide any presently meaningful remedy" regardless). The injunction would be moot even if only one of these two risks were low, but here both are. Thus, the preliminary injunction is vacated. This Court's January 25, 2022, Opinion also is vacated.

This Court takes no position on the merits of Plaintiffs' claims, which are left for future decision. However, to the extent that this case continues, this Court emphasizes that the parties and district court should pay particular attention to Section 280.31's exception for "any other provision of law." Iowa Code § 280.31. This exception unambiguously states that Section 280.31 does not apply where "any

other provision of law" requires masks. "Any" makes "provision of law" a broad category that does not distinguish between state or federal law. *See* Any, Merriam-Webster Dictionary (defining "any" as "one or some indiscriminately of whatever kind"), available at https://www.merriam-webster.com/dictionary/any (last visited May 9, 2022); *Shamrock Farms Co. v. Veneman*, 146 F.3d 1177, 1180 (9th Cir. 1998) (interpreting federal statutory provision, which stated "[n]othing in this Act or any other provision of law shall be construed to preempt" California from regulating milk, to mean that California could promulgate milk standards despite dormant Commerce Clause because, with "any," "Congress demonstrated its intent to encompass all law, whether it be statutory law, common law, or constitutional law"). If another state or federal law requires masks, Section 280.31 does not conflict with that law—and thus should not be completely enjoined.

\* \* \* \* \* \* \*

The district court's preliminary injunction is vacated as moot. This Court's previous opinion of January 25, 2022, also is vacated. Plaintiffs' motion for remand for attorney's fees is denied as moot. The case is remanded for further proceedings consistent with this opinion.

KELLY, Circuit Judge, dissenting.

Plaintiffs' children have serious disabilities that place them at heightened risk of severe illness from COVID-19. After Governor Kim Reynolds signed Iowa Code Section 280.31 into law, Iowa schools ceased to require masks in any and all circumstances. Based on Defendants' enforcement of Section 280.31, one Plaintiff's school nurse refused to wear a mask voluntarily when administering a child's asthma inhaler, and the school rejected a request to require her to do so. A teacher who worked one-on-one with that Plaintiff's child stopped wearing a mask as well. Another Plaintiff sent her child, whose health condition causes breathing problems and requires him to use a ventilator at night, to school in person despite the absence of any COVID-19 precautions because there was no alternative. Other Plaintiffs withdrew their children from school entirely, due to health risks. In September 2021,

-4-

Plaintiffs sought a declaration that Defendants' enforcement of Section 280.31 violated the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) by preventing their children's schools from providing reasonable accommodations to ensure their children could access their school buildings for in-person learning.

Nearly an entire school year later, the court concludes that Plaintiffs' children's "risk of contracting COVID-19 at school is now low even without mask requirements, as is their risk of serious injury or death"—without any evidence in the record about Plaintiffs' children's current risk. Though I agree that the COVID-19 pandemic has changed—the now-dominant variant is considered less severe on average, case counts are currently lower, CDC guidance on mask-wearing in schools has loosened, and vaccines are now available for children five years and older—I disagree that a sua sponte vacatur is the appropriate response.

I.

"Modifying or dissolving a preliminary injunction 'is proper only when there has been a change of circumstances that would render the continuance of the injunction in its original form inequitable.'" Ahmad v. City of St. Louis, 995 F.3d 635, 640 (8th Cir. 2021) (cleaned up) (quoting Favia v. Ind. Univ. of Pa., 7 F.3d 332, 337 (3d Cir. 1993)). An interlocutory appeal of a preliminary injunction may be dismissed as moot "when a court can no longer grant any effective relief sought in the injunction request."[2] Akina v. Hawaii, 835 F.3d 1003, 1010 (9th Cir. 2016) (per curiam). "The central question in a prudential mootness analysis is 'whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'" Sierra Club v. U.S. Army Corps of

---

[2]As to mootness, I do not understand the court to conclude there is no longer a "case or controversy" such that Article III jurisdiction is lacking. Rather, it finds that circumstances have changed such that the interlocutory appeal of the preliminary injunction is moot, and the case must be remanded to the district court for further proceedings, not necessarily dismissal.

Eng'rs, 277 F. App'x 170, 172–73 (3d Cir. 2008) (quoting Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir. 1987)). Whether there has been a change in circumstances is a question of fact to be established by the party seeking the dissolution. Ahmad, 955 F.3d at 641 ("The [defendant] bears the burden of establishing that changed circumstances warrant relief.").

Here, Defendants would have the burden to show that Plaintiffs' children no longer face a risk from COVID-19 while in their school buildings. Though we may take judicial notice of CDC guidance and data on COVID-19 infection and vaccination rates, this is not a case where an objective change in circumstances allows for a sua sponte finding of prudential mootness. See, e.g., Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (concluding that, where petitioner indisputably had already been released from custody, the case was prudentially moot because he had received the relief sought and there was no further relief for the court to afford at that time). But see id. at 725 (Lay, J., dissenting) (disagreeing case was prudentially moot because there remained a pure question of law that could still be answered and concluding, "[a]t the very least, this case requires a remand to the district court to determine the status of the case"). And neither party has sought to supplement the record, nor have they asked us to remand for further factfinding or to allow for the filing of a motion to dissolve or modify the preliminary injunction.

We cannot simply assume that the changes in the pandemic in the months since the parties compiled the record are sufficient to constitute changed circumstances. Vaccine availability, case rates, and CDC guidance alone do not reflect individual risk, particularly where the record shows Plaintiffs' children have conditions that increase their risk of serious illness from COVID-19 and contains no information regarding whether vaccines would be effective for them. By sua sponte vacating the preliminary injunction as moot, the court undermines the district court's factfinding authority and unfairly deprives Plaintiffs of the opportunity to inform the court about the risks currently posed by COVID-19 to their children while attending school. See Maine v. Taylor, 477 U.S. 131, 144–45 (1986) ("[F]actfinding[] is the basic responsibility of district courts, rather than appellate courts." (quotation

omitted)); <u>United States v. Love</u>, 20 F.4th 407, 412 (8th Cir. 2021) ("Judicial notice may be taken at any stage of the proceeding, including on appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority.").

Even when this court has found that the passage of time constitutes a change in circumstances, we have not dismissed a preliminary injunction as moot. Instead, we have remanded with directions for the district court to expeditiously proceed to a trial on the merits. <u>Cf. Ahmad</u>, 995 F.3d at 643 (finding that the City had not shown changed circumstances warranting immediate dissolution of injunction, but conditioning maintenance of the preliminary injunction on timely completion of a trial on the merits). At most, any sua sponte order from this court to address possible changed circumstances should be a simple remand for expedited factfinding on the effects of the changes in the pandemic for these Plaintiffs and their children.

II.

Without a motion to remand or supplement the record, we have before us only the evidence the parties submitted to the district court months ago. In my view, the record established that Plaintiffs are entitled to a preliminary injunction that prohibits Defendants from preventing or delaying reasonable accommodations under the ADA and RA and ensures that Plaintiffs' schools could enforce mask requirements as reasonable accommodations if needed. Plaintiffs seeking a preliminary injunction must establish: (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008). This court reviews the grant of a preliminary injunction for abuse of discretion. <u>Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC</u>, 953 F.3d 1041, 1044 (8th Cir. 2020).

To prevail on the merits of a failure-to-accommodate claim under the RA, a plaintiff must show that (1) she is a qualifying individual with a disability, (2) the

defendant receives federal funding, and (3) the defendant failed to make a reasonable modification to accommodate her disability. Durand v. Fairview Health Servs., 902 F.3d 836, 841 (8th Cir. 2018). Defendants never disputed the first and second elements, so the question is whether Plaintiffs were likely to establish that Defendants failed to make reasonable modifications to accommodate their children's disabilities. A requested accommodation is unreasonable if it would impose an undue financial or administrative burden or fundamentally alter the nature of a program. DeBord v. Bd. of Educ. of Ferguson-Florissant Sch. Dist., 126 F.3d 1102, 1106 (8th Cir. 1997). Defendants produced no evidence to substantiate a financial or administrative burden schools would face if they required people in the school to wear masks when interacting with Plaintiffs' children in some or all circumstances. Before Section 280.31 was enacted, the Iowa Department of Education maintained guidance on face coverings in line with CDC recommendations which, at that time, included advice that all people in school buildings wear masks. And many schools in Iowa did require face coverings, which supports a conclusion that Plaintiffs are likely to establish that their desired accommodation would neither fundamentally alter the school setting nor create an undue burden.

Moreover, the record showed that Defendants were preventing schools from providing reasonable accommodations in the form of mask requirements despite the unambiguous exception in Section 280.31 for when a face covering is required by "any other provision of law." Iowa Code § 280.31. Iowa courts interpret a statute according to its plain language when unambiguous. Rhoades v. State, 880 N.W.2d 431, 446 (Iowa 2016); see also, e.g., In re Dittmaier, 806 F.3d 987, 989 (8th Cir. 2015) (applying the state's rules of statutory construction when interpreting that state's statutes). Section 280.31 prohibits schools or school districts from requiring employees, students, or members of the public to wear a facial covering on school property "unless the facial covering . . . is required by . . . any other provision of law." Iowa Code § 280.31. This language unambiguously provides that Section 280.31 does not apply where any other provision of law requires masks—including federal law. See, e.g., Any, Merriam-Webster Dictionary (defining "any" as "indiscriminately of whatever kind" or "one selected without restriction"), available

at https://www.merriam-webster.com/dictionary/any (last visited May 2, 2022). Defendants themselves acknowledge that if federal law requires some masks in schools, Section 280.31 does not prohibit it. Plaintiffs are thus likely to succeed on the merits of their claim that Defendants' enforcement of Section 280.31 violates federal law by interfering with the provision of reasonable accommodations.

Plaintiffs also established that irreparable injury was likely without an injunction ensuring their children's schools could provide reasonable accommodations, satisfying the second preliminary injunction factor. Plaintiffs provided evidence, including expert affidavits, that exposure to COVID-19 placed their children at heightened risk of severe illness or death. See Harris v. Blue Cross Blue Shield of Mo., 995 F.2d 877, 879 (8th Cir. 1993) (denial of treatment for life-threatening illness constitutes irreparable injury). For example, one child's doctor warned that contracting COVID-19 would create a risk of severe complications such as seizures and brain damage. Another child's respiratory problems put him at higher risk of severe complications from COVID-19. Plaintiffs also documented that Defendants' enforcement of Section 280.31 forced their children to forgo critical educational opportunities, including in-person learning with their peers in some situations. Expert declarations established that not attending school in person poses risks to a child's physical, psychological, emotional, and developmental well-being. See Plyler v. Doe, 457 U.S. 202, 221 (1982) (deprivation of education has lasting impact on child). Defendants did not argue otherwise.

As to the third and fourth factors, the balance of equities and public interest also favored Plaintiffs. The court weighs "the threat of irreparable harm shown by the movant against the injury that granting the injunction will inflict on other parties." MPAY Inc. v. Erie Customs Comput. Applications, Inc., 970 F.3d 1010, 1020 (8th Cir. 2020) (quotations omitted). Defendants asserted an interest in enforcing Section 280.31. But that cannot be a valid reason if enforcing the law is not required by state law and also violates federal law—as would be the case if a mask requirement qualifies as a reasonable accommodation for some students, due to the exception in Section 280.31. Defendants further argue that imposing a

"universal mask mandate" may harm other students with disabilities who cannot wear masks. But Plaintiffs have never requested a "universal mask mandate," so that question is not before us. And although a federal court enjoining a state law raises questions about comity, an injunction prohibiting Defendants from preventing reasonable accommodations would not implicate that concern because Section 280.31 allows compliance with federal law.

Based on the record before us, all four factors favor Plaintiffs' request for a preliminary injunction. Of course, an injunction must be tailored to remedy the specific harm suffered. St. Louis Effort for AIDS v. Huff, 782 F.3d 1016, 1022–23 (8th Cir. 2015). And the harm at issue in this case is that alleged by Plaintiffs and their children at the schools they attend. Plaintiffs are not harmed by the absence of reasonable accommodations at schools their children do not attend, so the record supports a remand for the district court to narrow the scope of the injunction accordingly and to proceed to a trial on the merits of Plaintiffs' claims.

III.

Just as the record supports a remand to narrow the scope of the injunction because the harms at issue are Plaintiffs' children's individualized risks, so should any analysis of changed circumstances be focused on individualized risks. Yet rather than focusing on the harms experienced by and the accommodations needed for Plaintiffs' children on an individual basis, the court relies on generalizations about the current state of an unpredictable pandemic that continues to ebb and flow.[3]

---

[3]Case in point, as of the date of this writing, CDC data show both daily infection rates and daily hospital admissions in Iowa trending upward again. See Trends in Number of COVID-19 Cases and Deaths, https://covid.cdc.gov/covid-data-tracker/#trends_dailycases_newhospitaladmissions (last visited May 9, 2022) (Select "Iowa" from "Select a state or territory" drop down, then select "Daily Cases" from "View (left axis)" drop down and "New COVID-19 Hospital Admissions" from "View (right axis)" drop down).

The court errs by not allowing the district court to fulfill its factfinding duties to determine the effects, if any, of changing circumstances for these individual Plaintiffs, and I respectfully dissent.

A final point. Irrespective of the outcome of this litigation, parents of children with disabilities may still seek accommodations to ensure their children may safely access their schools as the COVID-19 pandemic wears on. Section 280.31 explicitly includes an exception when "any other provision of law" requires face coverings. Schools are equipped to determine on an individualized, case-by-case basis—just as schools do for any other type of reasonable accommodation request—whether a mask requirement for certain people or places in the school building is a reasonable accommodation under the ADA and RA. This is what federal law requires, and what Section 280.31—and Defendants who are charged with enforcing it—must allow.

_____